# CHARLESTON.

### Booth v. Baltimore & Ohio Railroad Co.

### Submitted October 26, 1915. Decided November 9, 1915.

1. HUSBAND AND WIFE—*Married Women—Recovery for Personal Injuries—Right.*

   The marriage of a woman after injuries negligently inflicted by a carrier in the operation of its trains, does not affect her right to recover damages for the loss of time and capacity to earn money, due to such injuries. An instruction, in effect so informing the jury, is properly given. (p. 101).

2.  APEAL AND ERROR—*Presentation for Review—Personal Injuries—
Failure of Proof—Physician's Charges.*

A judgment in an action for personal injuries inflicted by a carrier
will not be reversed for failure to prove the value of professional
services of a physician treating plaintiff to effect a cure, when the
amount of the charges therefor is not shown in the case; nor, when
shown, if the court can see the amount thereof is obviously not un-
reasonable.  (p. 104).

Error to Circuit Court, Harrison County.

Action by Mattie Booth against the Baltimore & Ohio Rail-
road Company.  Judgment for plaintiff, and defendant brings
error.

*Affirmed.*

*John Bassell, Charles G. Coffman* and *W. W. Brannon,* for
plaintiff in error.

*Sperry & Sperry,* for defendant in error.

LYNCH, JUDGE:

For the negligent infliction of injuries by the defendant
railroad, plaintiff brought this action, and recovered a judg-
ment upon a verdict for $1,500.

The evidence being contradictory and conflicting, the case
properly was submitted to the jury, with whose finding we
can not interfere unless palpably wrong; and we do not so
find it.  The only questions argued by counsel relate to the
giving of instructions alleged to be erroneous.  In order to
understand and test the propriety or correctness of the in-
structions, only a brief analysis of such evidence is necessary.

At the time of the injury, plaintiff was a *feme sole.*  Soon
thereafter she married.  Hence arose the only important ques-
tions now necessary for our consideration.  They relate to the
correctness and application of instructions given, in view of
the facts found by the jury.  Plaintiff and her married sister,
accompanied by four small children of the latter, purchased
tickets for passage on defendant's train from Wallace to
Clarksburg over the road locally known as the Short Line,
operated by defendant from Clarksburg to New Martinsville,
Wallace being an intermediate station.  The jury could, as
it did, find that, as plaintiff was about to enter the coach, the

train started from the station, without warning, and dragged her the length of the coach before it could be stopped, thereby inflicting the injury for which she sued. She had theretofore occupied her time and labor for hire in performing household duties for her friends and neighbors in the community in which she resided. The injuries inflicted prevented the subsequent resumption of her usual activities up to the time of the trial. She was then living with her husband, having intermarried with him a few months after she was injured.

The first instruction given for plaintiff told the jury "that if under the evidence they believed the defendant's negligence was the cause of plaintiff's injury, then in estimating the damages of the plaintiff, they have the right to take into consideration her personal injuries, if any such are proven, pain and suffering, both mental and physical, undergone by her in consequence of such injuries, if any are shown by such evidence, and to allow such damages as, in the opinion of the jury, will be a fair and just pecuniary compensation for the injuries which the plaintiff hath sustained. The jury may include any losses that may occur in the future to plaintiff, provided they are such as the jury believe, from the evidence, will actually result to the plaintiff as the proximate damages from the wrongful act of he defendant complained of".

The criticism directed against this instruction, and others to the same general purport and effect, is its authorization of a recovery for loss of time and employment from the date of the injury, without regard to the subsequent marriage of plaintiff. The company complains of the failure to restrict recovery to the period intervening between the two dates, and, in support of its contention, cites *Riley* v. *Railway Co.,* 27 W. Va. 151, and *Warth* v. *County Court,* 71 W. Va. 184. But they discuss and determine questions arising out of injuries and their resultant effects when occasioned and continued within and during the existence of the material relation, and hence do not apply to the situation presented by the facts of this case.

The facts proved make necessary and inevitable the conclusion that the husband can not maintain an action or therein recover of defendant compensation for any loss occasioned

to him from the injury inflicted upon plaintiff prior to the time she became his wife. As he married her with knowledge of the injury, he can not complain of the impaired physical condition due to the wrong done to her prior to the assumption of that relation, whatever the ensuing disabilities may be. Hence, unless she may recover damages for the actual loss of time and capacity to engage in any lucrative employment, no such recovery can be had by her husband or any other person for her. The deprivation of compensation otherwise becomes complete and remediless. No redress is available to her, upon the theory advocated by counsel for defendant. She must suffer without redress the loss of time and employment, of which defendant wrongfully deprived her, however essential or indispensable to her welfare her time and labor may be. Furthermore, the same theory not only would unduly restrain and limit her right to compensation for such deprivation, but it would also enure to the benefit and advantage of the defendant, to whose negligence such loss is due, the actual cause of the injury inflicted? Can these results command reasonable approval of tribunals ordained for the discovery of the very right of the cause, and, when discovered, the establishment of justice between litigants?

The identical question arose in *Reading* v. *Railroad Co.*, 52 N. J. L. 264, and the court held, we think correctly, "that the marriage of a woman after injuries received in a railroad accident can not affect her right to recover damages for the loss of capacity to earn money". In the opinion, the court succinctly stated, what forcefully applies here, "that the fact that she, by her marriage, has acquired the right to be supported by her husband, can not affect the principle in question, though it may affect in a material degree the value of the thing lost". This case fully accords with the views we have expressed, and announces what may be termed the just and reasonable doctrine in cases of this character.

The second instruction requested by plaintiff told the jury that in estimating her damages, if they found for her, they should consider her health and condition before the injury, as compared with her present condition "in consequence of such injury". As given, the phrase quoted was omitted.

Though apparently not wrong in the first instance, so far as we can perceive, the omission does not materially alter the force and effect of the charge. The objection urged by defendant is that, while the physical condition of the plaintiff before and subsequent to the injury was proved, no evidence was introduced to show that her condition at the trial was not due in part to some intervening ailment or cause with the resultant effect of which defendant was not chargeable. We must assume the jury understood that the evidence submitted for their consideration dealt only with the impairment of plaintiff's physical condition in consequence of the negligent act charged against defendant, and not some supervening or accessory causation. With the omitted phrase in, the instruction clearly would have avoided the suspicion of a diminution of plaintiff's physical health and condition from any source other than defendant's wrongful conduct. The only inquiries submitted to the jury were, first, whether the defendant was negligent, and, if it was, second, did such negligence cause the injuries inflicted, and, if so, third, was plaintiff's condition, as it appeared to the jury from the evidence, due to such injuries? In argument, defendant now apparently concedes the correctness of the instruction in the form it was when requested, though objecting to it at that time. The evidence did not then show any ground for surmising that any causation other than the one complained of had arisen in the meantime, or then existed, to which plaintiff's condition was in the least traceable. In the absence of such proof, the argument that the instruction given may have misled the jury is based on a mere assumption. It has no actual foundation or merit. It is merely conjectural.

Defendant also complains of the judgment for the reason that the value and reasonableness of the medical assistance in effecting a cure were not proved, as indeed they were not. Nor was the amount thereof, except as to the hospital expenses. The latter were fixed at fifteen dollars. This charge we can not say is unreasonable. Without proof of the amount, we can not presume the jury included anything for the services of the physician. Plaintiff did not know what he charged: She had not paid therefor. The physician had not rendered his

bill; and, though examined as a witness, he was not asked to state, and did not name, the amount, or testify to the reasonableness, of the charge, if any was made by him for such attention. We must therefore presume the jury allowed nothing that was not proved.

For reasons stated, we are of opinion to affirm the judgment; and such will be the order entered here.

*Affirmed.*