ALBERT J. RADEMACHER, Respondent, v. ROSE TORBENSEN, Appellant.*

Fourth Department, May 17, 1939.

*Frank Gibbons*, for the appellant.

*James W. Murray* [*Walter J. Davison* of counsel], for the respondent.

PER CURIAM. Plaintiff's complaint demands judgment for loss of his wife's services and for medical expenses necessarily incurred and to be incurred by him in her behalf after their marriage, which damages are alleged to have resulted solely from injuries negligently inflicted by the defendant upon plaintiff's wife two months before her marriage. The appeal is from a denial of defendant's motion to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

We reverse the order and grant defendant's motion upon the ground that, at the time of the alleged ante-nuptial tort suffered by the woman plaintiff subsequently married, the plaintiff sustained no injury. Under the allegations of his complaint plaintiff possessed no marital right at that time; he had then assumed no marital obligations. If, at the time of his subsequent marriage, plaintiff's wife was disabled as a result of a previous negligent act by the defendant, the plaintiff took her as his wife in her then existing state of health and thus assumed any deprivation resulting from such disability. By then undertaking the legal obligations which marriage imposes upon a husband in favor of his wife, he assumed the cost of her medical care after the marriage. (*Mead*

---

* Revg. 169 Misc. 1030.

v. *Baum*, 76 N. J. L. 337, 341; 69 A. 962; *Reading* v. *Penn. R. R. Co.*, 52 N. J. L. 264; 19 A. 321; *Booth* v. *B. & O. R. R. Co.*, 77 W. Va. 100; 87 S. E. 84; *Wrightsville & T. R. Co.* v. *Vaughan*, 9 Ga. App. 371; 71 S. E. 691; 13 R. C. L. § 460, p. 1412; 4 Am. & Eng. Ann. Cases, 209, note.)

We have not overlooked the rule of *Radley* v. *Leray Paper Co.* (214 N. Y. 32), which, in our view, does not touch the question now before us. There, unlike the present case, the question considered arose in a death case and involved only the amount which a widow, as administratrix, could recover under section 1902 of the Code of Civil Procedure, now section 130 of the Decedent Estate Law. There the cause of action which the statute gave did not arise until the decedent's death which occurred after marriage.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.