PER CURIAM.
The plaintiffs appeal a final judgment of dismissal with prejudice in favor of appellee Florida East Coast Railway Company. They *700 also appeal a judgment which struck the derivative claim of appellant T. D. Barrow against appellee Curtis for loss of consortium and medical expenses. The appellants have presented two points. The first point urges that the court erred in dismissing the complaint as to appellee Florida East Coast Railway Company because the allegations were sufficient to state a cause of action in negligence. The second point urges as error the striking of T. D. Barrow’s derivative claim.
The essence of appellants’ complaint against the railroad company is that the company’s train was near an intersection and that appellee Curtis became frightened by the train so that she ran her motor vehicle into Janis Barrow’s motor vehicle. The complaint dismissed was an amended complaint which failed to allege any facts from which a jury could conclude that the railroad was negligent. The complaint could not withstand the motion to dismiss for failure to state a caitse of action because the complaint did not contain allegations of fact tending to show that the railroad company created a condition which was the foreseeable and proximate cause of injury to Janis Barrow unbroken by the negligence of any third party. See Cone v. Inter County Telephone & Telegraph Co., Fla. 1949, 40 So.2d 148; Pope v. Pinkerton-Hays Lumber Co., Fla.App.1960, 120 So.2d 227; Schatz v. 7-Eleven, Inc., Fla.App.1961, 128 So.2d 901.
Upon oral argument appellant T. D. Barrow abandoned his claim for loss of consortium, because it affirmatively appeared from the complaint that he had married appellant Janis Barrow after the date of the injury. See 27 Am.Jur., Husband and Wife, § 501; cf. Parham v. Kohler, Fla.App. 1961, 134 So.2d 274. Appellants’ counsel argued only that the claim of T. D. Barrow should be allowed to the extent of medical expenses which T. D. Barrow may have paid. See Hatchell v. Hayes, Fla.App.1963, 157 So.2d 855. While we adhere to the holding in the last cited case, we do not think that the appellant has demonstrated prejudicial error here, inasmuch as the complaint contains the allegation that the appellant wife is liable for her medical expenses.
The judgment for the appellee Florida East Coast Railroad Company is affirmed, and the judgment striking the claim of appellant T. D. Barrow is affirmed.
Affirmed.