Charles P. WAGNER and Anne Wagner, Plaintiffs,

v.

INTERNATIONAL HARVESTER COMPANY, Defendant and Third-Party Plaintiff,

v.

BRECKENRIDGE ELECTRIC, INC., and Arnold's Equipment, Inc., Third-Party Defendants.

No. 4–74 Civ. 642.

United States District Court, D. Minnesota, Fourth Division.

June 22, 1978.

Robert R. Barth, and Robert L. Meller, Jr., Best & Flanagan, Minneapolis, Minn., together with Gary W. Hoch, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., for plaintiffs.

Ann J. McGee, Castor, Ditzler & Klukas, Minneapolis, Minn., for defendant and third-party plaintiff International Harvester Co.

Charles E. Gillin, Jardine, Logan & O'Brien, St. Paul, Minn., for third-party defendant Arnold's Equipment, Inc.

There was no appearance for third-party defendant Breckenridge Elec., Inc.

## MEMORANDUM ORDER

ALSOP, District Judge.

This matter comes before the court on the motion of defendant and third-party plaintiff International Harvester Company pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order for summary judgment with respect to plaintiff Anne Wagner's claims.

Anne Wagner's claims all arise out of her marriage to Charles Wagner and consist of "loss of consortium, mental anguish and suffering, and loss of services of her husband." On August 16, 1971, plaintiff Charles Wagner suffered the injuries which are the basis of both his claim and Anne Wagner's claim against the defendant. On the date of the accident plaintiffs Anne and Charles Wagner were not married. Their marriage occurred in December 1972, nearly one and a half years after Charles' accident.

Both plaintiffs and defendant International Harvester agree that since this is a diversity action, the court is to apply the law of the state of Minnesota in determining whether a cause of action for loss of consortium exists in a spouse who was not married to the injured party at the time of the accident. Both parties also agree that the courts of Minnesota have not addressed this question to date.

This court is convinced that the rule of *Sartori v. Gradison Auto Bus Co., Inc.,* 42 Pa.D. & C.2d 781 (1967), would be followed by the Minnesota courts. As stated in *Sartori, supra,* at 785, "(a) subsequent husband should not acquire any right to sue for loss of consortium. He should not be entitled to marry a cause of action."

Although the general rule may yield to special circumstances in unusual cases, *cf. Sutherland v. Auch Inter-Borough Transit Co.,* 366 F.Supp. 127 (E.D.Pa.1973), in the instant situation, where it appears that Anne Wagner did not even meet Charles Wagner until after the accident, the application of the rule seems especially appropriate.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court finds there is no just reason for delay of entry of final judgment with respect to Anne Wagner's claims.

Upon the foregoing,

IT IS ORDERED That the motion of International Harvester Company for partial summary judgment with respect to the claims of Anne Wagner be and hereby is granted.

IT IS FURTHER ORDERED That judgment in favor of defendant and third-party plaintiff International Harvester Company as against plaintiff Anne Wagner and dismissing said claims be entered forthwith.

LET JUDGMENT BE ENTERED ACCORDINGLY.