**Robert J. ANGELET, Appellant,**

v.

**Dessie SHIVAR, Appellee.**

Court of Appeals of Kentucky.

July 11, 1980.

Maubert R. Mills, Caroline A. Mills, Mills, Mitchell & Turner, Madisonville, for appellant.

Milburn C. Keith, W. Douglas Myers, Keith, Myers & Hicks, Hopkinsville, for appellee.

Before BREETZ, GANT and LESTER, JJ.

BREETZ, Judge.

This appeal raises the question whether a claim for loss of consortium may be founded upon an injury which occurred before marriage. The complaint alleged that, while the appellant's wife was a minor and in the care, custody and control of her father, the appellee, he "did intentionally, unlawfully, and wantonly inflict extreme physical harm and emotional distress" upon her. It further alleged that, as a direct and proximate result of the appellee's conduct, the appellant's wife suffered great emotional trauma which now prevents her "from functioning as a wife" and, on that account, the appellant has been deprived of her care, consideration, companionship and society. The circuit court held that the appellant had not stated a cause of action. We affirm.

■ We recognize that an action for loss of consortium is a distinct and independent cause of action from that which may be sought by the injured spouse. *Kotsiris v. Ling*, Ky., 451 S.W.2d 411 (1970). The appellant argues that the lack of marital status at the time of the alleged tortious injury to his wife should not bar his claim because his injury is distinct and separate from the injury suffered by his wife. He points out that, although his wife's injury occurred before their marriage, his damages occurred during the marriage. The appellee argues, and the lower court held, that the marital relationship must be in existence at the time of the injury before a cause of action for loss of consortium may arise. Both parties argue the statute of limitations, but, in our view of the case, that is an issue that we need not address.

The issue is one of first impression in this Commonwealth. Other jurisdictions have ruled, with one exception of which we are aware, that an injury occurring prior to the marital relationship cannot give rise to a claim for loss of consortium. *Wagner v. International Harvester Company*, 455 F.Supp. 168 (D.Minn. 1978); *Tong v. Jocson*, 76 Cal.App.3d 603, 142 Cal.Rptr. 726 (1977); and *Rademacher v. Torbensen*, 257 App.Div. 91, 13 N.Y.S.2d 124 (1939). *Accord, Booth*

*v. Baltimore & Ohio R. Co.*, 77 W.Va. 100, 87 S.E. 84 (1915).

The reasons advanced for the denial of such a claim differ. In *Wagner*, it was said that a person "should not be entitled to marry a cause of action". In *Rademacher*, the court reasoned that the plaintiff took his wife "in her existing state of health and thus assumed any deprivation resulting from such disability". In *Tong*, the court recognized that, although the prospective husband's loss of his wife's services would be a foreseeable injury arising from the harm inflicted upon the prospective wife by the wrongdoer, nevertheless, "social policy must at some point intervene to delimit liability". The Court of Appeals of California refused to impose liability because the plaintiff was not married to his wife at the time the injury which gave rise to the loss of consortium claim was inflicted upon her.

The lone exception to these cases appears to be *Sutherland v. Auch Inter-Borough Transit Company*, 366 F.Supp. 127 (E.D.Pa. 1973). That case grew out of an automobile accident of an engaged couple. The accident occurred less than one month before their marriage, and, under those special circumstances, the court permitted the husband's claim for the loss of his wife's services. Those same special circumstances were present in *Tong v. Jocson, supra*, as the couple were engaged and living together at the time of the accident and married less than a month after the accident. No such special circumstances are present in the instant action.

 We recognize that in the cited cases the acts which caused the loss of consortium were acts of negligence, and that, in the case at bar, allegations of intentional and grave misconduct have been made against the appellee. Nonetheless, a claim for loss of consortium is directly dependent upon the marital relationship for its existence. At the time the intentional act or acts were committed there was no marital relationship, and we join those jurisdictions which hold that a claim for loss of consortium may arise only when the injury to the spouse occurs after the marriage.

All concur.