390 So.2d 816 (1980)
Mary TREMBLAY, Appellant,
v.
James L. CARTER, d/b/a Carter Contracting, and Royal Globe Insurance Company et al., Appellees.
No. 80-643.
District Court of Appeal of Florida, Second District.
December 3, 1980.
Steven Carta of Smith, Carta & Ringsmuth, Fort Myers, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees James L. Carter and Royal Globe Ins. Co.
GRIMES, Judge.
This appeal involves the question of whether there can be circumstances which would permit a person to recover for loss of consortium when the accident which caused the injuries of the person's spouse predated their marriage.
Daniel Tremblay was injured in an accident which occurred on November 21, 1977. On April 8, 1978, he married Mary Tremblay. Nine days later he filed suit against James Carter and his liability insurer alleging that Carter's negligence had been the cause of the November accident. With the court's permission, Mr. and Mrs. Tremblay filed an amended complaint on February 13, 1980, which included a count by Mrs. Tremblay for loss of consortium predicated upon her husband's injuries. She alleged that she and Mr. Tremblay had been dating each other for approximately seven months prior to the accident and exclusively for approximately four months prior to the accident. She also said that they had been discussing marriage at the time of the accident and that they continued to see each other exclusively after the accident. However, they delayed their marriage because of the injuries *817 which Mr. Tremblay sustained. On motion, the court dismissed Mrs. Tremblay's consortium count with prejudice. Because this order represented a final judgment against her claims, she filed this appeal.
At common law a party must have been legally married to the injured person at the time of the injury in order to assert a claim for loss of consortium. W. Prosser, Law of Torts § 124 (4th ed. 1971). Though there are no reported decisions in this state squarely on point, there are at least two cases in which the Florida courts have assumed the existence of the common law rule. Barrow v. Curtis, 209 So.2d 699 (Fla.3d DCA 1968); Parham v. Kohler, 134 So.2d 274 (Fla.3d DCA 1961).
Mrs. Tremblay acknowledges the novelty of her legal position, but she points to two recent federal decisions which support her view. Bulloch v. United States, 487 F. Supp. 1078 (D.N.J. 1980); Sutherland v. Auch Inter-Borough Transit Co., 366 F. Supp. 127 (E.D.Pa. 1973). Purporting to predict how the state courts within their respective jurisdictions would rule if presented with the question, the federal district judges in both these cases held that marriage at the time of the accident was not a prerequisite to a suit for consortium if the relationship between the man and the woman was such that the loss suffered by the claimant was similar to that suffered by a married person whose spouse is injured in an accident.
One of the appellees' arguments is that even if we accept the proposition that there can be exceptions to the rule that the parties must be married when the accident occurs, the facts of this case fall short of demonstrating that the Tremblays occupied a relationship at the time of the accident which approached the equivalent of husband and wife. Because we believe the subject matter deserves the legal stability which flows from a fixed rule, we reject the temptation to simply distinguish this case on its factual allegations. We hold for the reasons set forth below that unless the parties are married when the accident occurs, there can be no recovery for loss of consortium.
Until the advent of the two federal decisions cited above, the courts of our nation have consistently held that the relationship of husband and wife had to be based upon a form of marriage recognized by law. Domany v. Otis Elevator Co., 369 F.2d 604 (6th Cir.1966), cert. denied, 387 U.S. 942, 87 S.Ct. 2073, 18 L.Ed.2d 1327 (1967); Rademacher v. Torbensen, 257 App.Div. 91, 13 N.Y.S.2d 124 (1939). The fact that the parties were engaged to marry at the time the accident occurred was deemed insufficient to permit the assertion of a claim. Tong v. Jocson, 76 Cal. App.3d 603, 142 Cal. Rptr. 726 (1977). Since a cause of action for personal injury and the derivative rights flowing therefrom ordinarily accrue when the tort is committed, the courts concluded that to permit an unmarried person to claim loss of consortium upon his marriage to an injured spouse would have the effect of allowing him to marry into the cause of action. Sartori v. Gradison Auto Bus Co., 42 Pa. D. & C.2d 781 (1967); Booth v. Baltimore & O.R. Co., 77 W. Va. 100, 87 S.E. 84 (1915).
Consortium includes not only sexual relations, but also services, comfort and companionship. Gates v. Foley, 247 So.2d 40 (Fla. 1971). While the law originally recognized only the husband's claim, the wife now has an equal right to recovery. Gates v. Foley. Implicit in the concept of consortium is the notion that a party is entitled to expect these benefits upon entry into the marriage relationship. Tribble v. Gregory, 288 So.2d 13 (Miss. 1974). Therefore, an injury to a person's spouse interferes with his enjoyment of these benefits and redress may be obtained from the offending tortfeasor. Sawyer v. Bailey, 413 A.2d 165 (Me. 1980). However, until marriage, neither party has a legal right to anything from the other, and so when the injury occurs before marriage there are no rights with which the injury can interfere. In Florida, as in most jurisdictions, one cannot sue upon a breach of promise to marry. § 771.04, Fla. Stat. (1979). It would be an anomaly to permit a person to recover for the loss of consortium from a third party tortfeasor and yet deny that same person recovery *818 from his betrothed upon the failure to carry out the promise of marriage. Sawyer v. Bailey.
The suggestion is made that because many couples today live together without the benefit of marriage this court should recognize emerging social trends by looking at the actual relationship rather than clinging to the "antiquated common law rule" which requires that the parties be married. Antiquated it may be, but marriage has been the foundation of our nation's family life. Theologians consider marriage to be ordained by God, and secular authority has recognized its importance by subjecting it to comprehensive regulation. While in some instances the obtaining of a marriage certificate may bring about no change in the way a couple lives, nevertheless, the legal effect is significant. Each party takes on new responsibilities and acquires new rights. If an accident occurs when the relationship of husband and wife does not exist, a person does not acquire the right to claim a loss of consortium when he subsequently marries the injured party.
We do not mean to imply that Mrs. Tremblay has not been hurt by her husband's injury. The question is whether the law offers redress. When an individual receives an injury, many persons may suffer. Brothers and sisters and even close friends are likely to be emotionally affected, but no one suggests that these persons have a cause of action. The children of an injured person may lose the companionship and assistance of their parent as they grow up, yet the law has consistently held that they are not entitled to recover for the loss. Annot., 59 A.L.R.2d 454 (1958). There has to be a line drawn somewhere, and absent legislation it would be improvident for this court to extend it.
AFFIRMED.
SCHEB, C.J., and CAMPBELL, J., concur.