Charles Michael LAWS, Plaintiff,

and

Bonnie Shadrick, Appellant,

v.

Thomas Arthur GRIEP and Andrea Marie Griep, Appellees.

No. 68040.

Supreme Court of Iowa.

April 20, 1983.

Stephen W. Newport of Newport & Buzzell, Davenport, for appellant.

Donald G. Senneff of Shaff, Farwell & Senneff, Clinton, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

In this case of first impression, we hold that an injury to one unrelated cohabitant in a "stable and significant relationship" does not give the other cohabitant a cause of action for loss of consortium. Plaintiff Bonnie Shadrick appeals with permission from the trial court's ruling sustaining defendant Grieps' motion to dismiss her loss of consortium claim in an action brought by Bonnie and plaintiff Charles Michael Laws for damages based on injuries to Charles in a car-motorcycle accident. Because we refuse to recognize the cause of action urged by Bonnie, we affirm the trial court.

We have previously recognized loss of consortium actions only by spouses, parents and children. *See, e.g., Weitl v. Moes,* 311 N.W.2d 259 (Iowa 1981) (children); *Wardlow v. City of Keokuk,* 190 N.W.2d 439 (Iowa 1971) (parents); *Acuff v. Schmit,* 248 Iowa 272, 78 N.W.2d 480 (1956) (spouses). Between married persons, consortium is the right to "the affection, aid, assistance, companionship, comfort and society of one's spouse. . . ." *Lampe v. Lagomarcino-Grupe Co.,* 251 Iowa 204, 206, 100 N.W.2d 1, 2 (1959). This right has not been recognized in Iowa for unmarried cohabiting persons who live together as if they were married. Instead, spousal consortium has been held to be a right acquired through marriage, subject to forfeiture when the marriage is dissolved unless preserved in the dissolution decree. *See Michael v. Harrison County Rural Electric Cooperative,* 292 N.W.2d 417, 420 (Iowa 1980).

In the present case we are asked to add to the common law by extending the cause of action to unmarried cohabiting men and women who live together in a "stable and significant relationship." For purposes of reviewing the ruling sustaining the motion to dismiss, we accept Bonnie's allegation that she and Charles have such a relationship. We assume the relationship has the essential characteristics of an ideal marriage except for an intent to be married. Because Iowa recognizes common law marriages, those who live as spouses can be married if they intend that result. *See In re Estate of Dallman,* 228 N.W.2d 187, 190 (Iowa 1975).

Bonnie contends she and Charles are raising her two children as if they were a family. She asserts they are part of a family unit just as much as any married persons raising two children would be. She also asserts that cohabitation without marriage is so pervasive in modern society it must be recognized as permanent and the parties logically should have the consortium right of married persons.

We believe Bonnie has failed to demonstrate why persons who do not accept the legal responsibilities of marriage should

have a legal right of married persons. The policy of this state is that the *de jure* family is the basic unit of social order. This policy is reflected in statutes governing the right to marry. *See* Iowa Code chapter 595 (1983). It is reflected in the rule recognizing common law marriages. It is demonstrated by statutes defining the rights and responsibilities of husbands and wives toward each other and toward their children. *See, e.g.,* chapters 597 and 598. The policy favoring marriage is not rooted only in community mores. It is also rooted in the necessity of providing an institutional basis for defining the fundamental relational rights and responsibilities of persons in organized society. This policy would be subverted if persons could gain marital legal rights without accepting correlative marital legal responsibilities. We need go no further than this in rejecting plaintiffs' invitation in the present case.

The majority of other courts that have considered the issue have reached the same result. *See Tong v. Jocson,* 76 Cal.App.3d 603, 142 Cal.Rptr. 726 (1977); *Barrow v. Curtis,* 209 So.2d 699 (Fla.Dist.Ct.App.1968); *Sostock v. Reiss,* 92 Ill.App.3d 200, 47 Ill. Dec. 781, 415 N.E.2d 1094 (1980); *Angelet v. Shivar,* 602 S.W.2d 185 (Ky.App.1980); *Sawyer v. Bailey,* 413 A.2d 165 (Me.1980); *Rademacher v. Torbensen,* 257 A.D. 91, 13 N.Y.S.2d 124 (1939); *Rockwell v. Liston,* 71 Pa.D. & C.2d 756 (1975); *Booth v. Baltimore & Ohio Railroad,* 77 W.Va. 100, 87 S.E. 84 (1915). Three courts have held to the contrary. *See Bulloch v. United States,* 487 F.Supp. 1078 (D.C.N.J.1980) (applying what the court predicted to be New Jersey law); *Sutherland v. Auch Inter-Borough Transit Co.,* 366 F.Supp. 127 (E.D.Pa.1973) (applying what the court predicted to be Pennsylvania law, disregarding a Pennsylvania appellate court decision to the contrary); *Butcher v. Superior Court of Orange County,* 139 Cal.App.3d 58, 188 Cal. Rptr. 503 (1983) (refusing to extend *Tong v. Jocson* beyond its stated facts). The relationships described in the New Jersey and California cases may well have been common law marriages if the situations arose in Iowa. Neither of those states recognizes common law marriages. *See* California Civil Code § 4100; N.J.Rev.Stat.Tit. 37, c. 1, § 10. In any event, to the extent authority exists in other jurisdictions that would support recognizing a cause of action in the present case, we refuse to follow it.

The trial court did not err in sustaining defendants' motion to dismiss.

AFFIRMED.