■ AMERIGO PICCIRELLI et al., Respondents, v JOHNS-MAN-VILLE SALES CORPORATION et al., Defendants, and WESTINGHOUSE ELECTRIC CORPORATION, Appellant.—In an action to recover damages for personal injuries, etc., the defendant Westinghouse Electric Corporation appeals from an order of the Supreme Court, Kings County (Held, J.), dated August 19, 1985, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action in 1979 alleging negligence and strict products liability against the defendant Westinghouse Electric Corporation (hereinafter Westinghouse) and others, *inter alia,* to recover damages for personal injuries allegedly caused by Amerigo Piccirelli's exposure to asbestos during his employment at the Brooklyn Navy Yard, which terminated in 1965. The complaint also asserts a derivative claim by his wife for loss of services.

Under prior law, the Statute of Limitations for actions to recover damages for personal injuries caused by the inhalation, ingestion or injection of a deleterious substance, such as asbestos, accrued on the date of last exposure *(see,* CPLR 214 [5]; *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008, *remittitur amended* 55 NY2d 802, *cert denied and appeal dismissed* 456 US 967; *Fleishman v Lilly & Co.,* 62 NY2d 888, *cert denied* 469 US 1192). Since this action was commenced approximately 14 years after the plaintiff Amerigo Piccirelli's last exposure to asbestos, it was barred by the Statute of Limitations in effect at the time the summons was served.

However, while this appeal by Westinghouse was *sub judice,* the Legislature amended the Statute of Limitations for actions to recover damages for personal injuries caused by the latent effects of exposure to deleterious substances *(see,* CPLR 214-c; L 1986, ch 682, § 2), and enacted legislation that revives barred causes of action with respect to five toxic substances (diethylstilbestrol, tungsten-carbide, asbestos, chlordane or po-

lyvinyl chloride) *(see,* L 1986, ch 682, § 4). The latter provides, in pertinent part, that "[an] action for personal injury * * * caused by the latent effects of exposure to * * * asbestos * * * upon or within the body * * * which is barred as of the effective date of this act [July 30, 1986] or which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act". Although the plaintiffs' pending action was time barred as of July 30, 1986, we apply the law as it exists now and deem the action revived pursuant to the Laws of 1986 (ch 682, § 4). Accordingly, the order denying Westinghouse's motion to dismiss the action upon the ground that the applicable period of limitations has expired is affirmed. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.