Esther R. KOCIEMBA and William J. Kociemba, Plaintiffs,

v.

G.D. SEARLE & CO., Defendant.

Civ. No. 3–85–1599.

United States District Court,
D. Minnesota,
Third Division.

Feb. 3, 1988.

Michael V. Ciresi, Roger P. Brosnahan, David L. Suggs, Roberta Walburn of Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for plaintiffs.

Michael Berens, Madge S. Thorsen, Paula D. Osborn of Oppenheimer, Wolff & Donnelly, Minneapolis, Minn., and Paul Strain of Venable, Baetjer & Howard, Baltimore, Md., for defendant.

---

**26.** The relevant statutes of limitation have been tolled during the pendency of this action. *See* Wis.Stat. § 893.15.

## ORDER

RENNER, District Judge.

Before the Court are defendant's objections to the Special Master's October 20, 1987 Report recommending denial of defendant's motions to 1) dismiss Plaintiff William Kociemba's claim for loss of consortium; 2) exclude the testimony of plaintiffs' expert Dr. Channing Robertson; and 3) bifurcate the trial into liability/compensatory damage and punitive damage phases.

Based on a *de novo* review of the briefs and entire file, this Court adopts the Special Master's Report and denies defendant's motions for the reasons stated below.

## I. LOSS OF CONSORTIUM

■ Count Seven of plaintiffs' complaint seeks loss of consortium damages for William Kociemba for injuries Esther Kociemba received from her Cu-7. Plaintiffs claim that the Cu-7 rendered Esther infertile during the twelve day period immediately after she received it in June, 1977. Plaintiffs also claim that the infertility did not manifest itself until after William and Esther Kociemba were married in June, 1978.

Defendant urges dismissal of the loss of consortium claim citing a well-established rule precluding such claims when the injury precedes the marriage. *Wagner v. International Harvester Co.*, 455 F.Supp. 168 (D.Minn.1978). The purpose of the general rule is to prevent an individual from making a conscious decision to acquire a cause of action by marrying an injured party.

In *Wagner*, Judge Alsop, applying the general rule, dismissed a loss of consortium claim when the husband suffered injuries fifteen months prior to his marriage. Significantly however, Judge Alsop noted that "the general rule may yield to special circumstances in unusual cases." *Id.* at 169.

This case presents those special circumstances. Here, neither Esther nor William Kociemba knew, or could have known, that Esther's infertility pre-dated their marriage. The rationale supporting the general rule is simply inapplicable in this situation.

Courts in Michigan and the District of Columbia agree that the general rule is inapplicable when a pre-marriage injury manifests itself after marriage. *Furby v. Raymark Industries, Inc.*, 397 N.W.2d 303 (Mich.App.1986); *Stager v. Schneider*, 494 A.2d 1307 (D.C.App.1985). In both *Furby* and *Stager*, the courts fully endorse the underlying policies of the general rule, yet, in each instance, found exception when the parties were unaware of the injury before they were married. The same exception should be made here.

Accordingly, this Court accepts the Special Master's recommendation and denies defendant's motion to dismiss William Kociemba's loss of consortium claim.

## II. EXPERT TESTIMONY OF DR. CHANNING ROBERTSON

Defendant next objects to the Special Master's recommendation denying defendant's motion to exclude the testimony of plaintiffs' expert witness, Dr. Channing Robertson. Defendant asserts that the plaintiffs have not laid the proper foundation to admit Robertson's expert testimony.

Obviously, plaintiffs must provide adequate foundation for Robertson's testimony before such testimony is admissible. However, as the Special Master notes, "there is no basis for concluding that plaintiffs will be unable to develop the necessary foundations for much if not all the proposed testimony of Dr. Robertson." Special Master Report To The Court, dated October 20, 1987, pp. 6–7. This Court agrees.

At trial, defendant will be given a full and fair opportunity to object to the foundational grounds of Robertson's testimony. At that time, the Court will be able to properly assess whether Robertson's testimony is admissible at trial.

Accordingly, this Court accepts the recommendation of the Special Master and denies defendant's motion to exclude Robertson's testimony.

## III. BIFURCATION

 Finally, defendant objects to the Special Master's recommendation that the trial not be bifurcated into a liability/compensatory damage stage and a punitive damage stage. Defendant asserts that a non-bifurcated trial will deny Searle its due process of law. Defendant cites two reasons for this assertion. First, defendant argues that evidence admitted only for punitive damage purposes will highly prejudice a factfinder's determination as to whether defendant is liable to plaintiffs. Second, defendant argues that the factfinder will be confused by the different burdens of proof required to prove liability and punitive damages.

The Court agrees with the Special Master that a bifurcated trial will be unduly burdensome and time consuming. The Court has no doubt that cautionary instructions regarding limited admissibility of evidence will ensure that defendant receives a fair trial. Therefore, the Special Master's recommendation is accepted and the defendant's motion is denied.

### ORDER

Based on a *de novo* review of the briefs and the entire file, IT IS HEREBY ORDERED that defendant's objections to the Special Master's Report To The Court, dated October 20, 1987 are denied.

IT IS FURTHER ORDERED that defendant's motions to 1) dismiss the loss of consortium claim; 2) exclude the testimony of Channing Robertson; and 3) bifurcate the trial into liability/compensatory damages and punitive damage phases are denied.