OPINION OF THE COURT
Joseph S. Levine, J.
This medical malpractice action was instituted by Marina Seymour, as surviving spouse of the decedent Wesner Seymour, in her capacity as administratrix of his estate against defendants Eric Saltzman, M.D., and Brookdale Hospital Medical Center. Plaintiff, Marina Seymour, moves for an order pursuant to CPLR 3126, striking the answer of defendant Eric Saltzman, M.D., due to his failure to appear for examination before trial and to impose sanctions on him for his failure to *451 comply with the order of this court dated September 29, 1988. Additionally, plaintiffs counsel moves to file a note of issue and certificate of readiness pending completion of the remaining examinations before trial. Defendant cross-moves for an order striking plaintiffs derivative cause of action for loss of consortium, also known as loss of services.
The court has since been advised that Dr. Saltzman’s deposition has been conducted. Therefore, the plaintiffs motion is denied as moot.
The defendant cross-moves to dismiss the plaintiffs derivative claim for loss of services. "The essence of recovery for loss of services is to compensate [a spouse] for the loss of such elements as 'love, companionship * * * society, sexual relations [etc.]’ ” (Briggs v Butterfield Mem. Hosp., 104 AD2d 626 [2d Dept 1984]; Millington v Southeastern Elevator Co., 22 NY2d 498, 502 [1968]).
It is uncontroverted that plaintiff and decedent were living together but were not married at the time decedent husband was diagnosed as having cancer. In the case of Rademacher v Torbensen (257 App Div 91 [4th Dept 1939]), the plaintiffs injury also occurred before the couple was married. The court in Rademacher held that upon marriage spouses take their partner in their existing state of health and hence assume any type of deprivation that might occur as a result of prior injuries. In a similar decision the New York Appellate Division held that in an action for loss of consortium, damages cannot be recovered unless plaintiff was married to the injured party at the time of the wrongful conduct. (Briggs v Butterfield Mem. Hosp., 104 AD2d 626, supra; Mehtani v New York Life Ins. Co., 145 AD2d 90 [1st Dept 1989].) Justice Brown concurred with the reasoning in Briggs, writing that "in this and most other States * * * a derivative action * * * cannot be maintained unless the individual asserting the cause of action was lawfully married to the injured party at the time the cause of action accrued” (Briggs v Butterfield Mem. Hosp., supra, at 627 [concurring opn]; Rademacher v Torbensen, 257 App Div 91, supra).
There are strong public policy reasons behind limiting a defendant’s liability in a loss of services action to cases involving the injured person’s lawful spouse. A line must be drawn in tort law as to persons permitted to recover for loss of services. (Briggs v Butterfield Mem. Hosp., supra, at 626.) If this court were to approve plaintiffs motion for loss of ser *452 vices, courts deciding these motions in the future would have the burden of individually evaluating each case to determine which plaintiffs have relationships "sufficiently meaningful” to permit them to claim loss of services. (Childers v Shannon, 183 NJ Super 591, 444 A2d 1141, 1143 [1982].) Plaintiff’s counsel cites no New York law on point. In view of the above, the court is compelled to grant the defendant’s cross motion to dismiss the claim for loss of consortium.