OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The defendants, Lilly, Abbott, Upjohn, Vale, Merck, and *24 Squibb, seek an order granting partial summary judgment (CPLR 3212 [e]) dismissing the derivative claim of plaintiff Kevin Murphy for loss of consortium on the ground that the alleged tortious conduct which gave rise to his wife’s claim for personal injury occurred prior to the marriage.
The defendants’ motions for partial summary judgment must be granted. Damages for loss of consortium are not recoverable where, as here, the alleged wrongful conduct preceded the marriage. (Briggs v Butterfield Mem. Hosp., 104 AD2d 626; Rademacher v Torbensen, 257 App Div 91; Andersen v Lilly & Co., Sup Ct 1988 [No. 87-775]; Wind v Lilly & Co., Sup Ct 1989 [No. 86-19699]; Clark v Lilly & Co., 725 F Supp 130.) The policy behind this rule is that a third party should not be able to "create an ex post facto liability for loss of consortium where none existed before” simply by marrying an injured person. (Walsh v Armstrong World Indus., 700 F Supp 783, 786.) The plaintiff Kevin Murphy’s reliance on Enright v Lilly & Co. (141 Misc 2d 194) is misplaced. The latter case cited Piccirelli v Johns-Manville Sales Corp. (128 AD2d 762) as authority for the proposition that where a personal injury action is revived, the derivative loss of consortium claim is also revived. In Piccirelli, an asbestos case, the parties were married on the date of the alleged tortious conduct and, thus, the derivative cause of action was revived, as well. Such is not the case here.
Accordingly, partial summary judgment is granted and the 11th cause of action set forth in plaintiffs’ complaint is dismissed.
[Portions of opinion omitted for purposes of publication.]