OPINION OF THE COURT
James B. Kane, J.
Defendant E. R. Squibb & Sons, Inc. (Squibb), a manufac *538 turer of the drug diethylstilbestrol (DES), moves for partial summary judgment in the above-captioned matter dismissing the derivative claims of plaintiff Vincent Metauro, set forth in the fifth cause of action in the complaint. Plaintiff husband alleges, in support of his cause of action, that due to defendants’ negligence he has lost the society, services, companionship and comfort of his wife.
Defendants argue that in New York a claim by a spouse for loss of consortium may not be maintained unless the party seeking such damages was married to the injured person at the time of the actionable conduct. Arguing that the actionable conduct (the injuries caused by the DES) occurred when plaintiff wife was in útero and the parties were not married at that time, Squibb demands dismissal.
Plaintiffs respond that the injuries at issue were not discovered until after their marriage, that neither party had any knowledge of the injuries since they were not "manifest” before that time and that the revival statute revived the plaintiff husband’s claim.
Defendants Abbott Laboratories, Eli Lilly and Company, Merck & Company, Inc., and the Upjohn Company, also DES manufacturers, cross-move for the same relief.
The so-called revival statute (L 1986, ch 682, §4) which under this action is brought, provides, in pertinent part: "§ 4. Notwithstanding any other provision of law * * * every action for personal injury, injury to property or death caused by the latent effects of exposure to diethylstilbestrol, tungsten-carbide, asbestos, chlordane or polyvinylchloride upon or within the body or upon or within property which is barred as of the effective date of this act or which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act”.
In recently ruling that the provisions of this revival statute are to be strictly and narrowly construed, the First Department observed: "It is well settled, however, that revived actions are treated more restrictively. 'Revival is an extreme exercise of legislative power. * * * Uncertainties are resolved against consequences so drastic’ ” (Singer v Lilly & Co., 153 AD2d 210, 216 [1st Dept, Jan. 4,1990]).
With respect to legislative purpose the Court of Appeals has held: "The second barrier to recovery, involving the Statute of *539 Limitations, arose from the long-standing rule in this State that the limitations period accrued upon exposure in actions alleging personal injury caused by toxic substances * * *. [T]t became clear that this exposure rule led to many DES cases being barred by the Statute of Limitations before the discovery of injury; we held, however, that any change in the accrual date from exposure to discovery was more properly the prerogative of the Legislature * * *. [T]he Legislature addressed the Statute of Limitations problem, and instituted a discovery rule for 'the latent effects of exposure to any substance’ * * *. The Legislature also, for one year, revived causes of action for exposure to DES that had been time barred.” (Hymowitz v Lilly & Co., 73 NY2d 487, 503-504 [1989].)
It is evident that this statute did not change the nature of tort claims that could be made as a result of exposure to toxic substances but merely to revive claims that except for Statute of Limitations problems could have been made earlier. ''Absent revival, plaintiffs were without a remedy for their claimed injuries. The action is maintainable solely by virtue of the revival statute’s authority” (Singer v Lilly & Co., supra, at 215).
The rule in New York is that an action for loss of consortium may not be maintained unless the actionable conduct complained of, and upon which the loss of consortium action is derived, occurred subsequent to the marriage. (Rademacher v Torbensen, 257 App Div 91 [4th Dept 1939]; Miller v Davis, 107 Misc 2d 343 [Sup Ct, Schoharie County 1980]; Briggs v Butterfield Mem. Hosp., 104 AD2d 626 [2d Dept 1984]; Walsh v Armstrong World Indus., 700 F Supp 783 [SD NY 1988]; Anderson v Lilly & Co., Sup Ct, Greene County, Dec. 30, 1988, Cobb, J.; Mehtani v New York Life Ins. Co., 145 AD2d 90 [1st Dept 1989], lv denied and dismissed 74 NY2d 835 [1989]; Du Bois v Community Hosp., 150 AD2d 893 [3d Dept 1989]; Murphy v Lilly & Co., 146 Misc 2d 23 [Sup Ct, Onondaga County, Dec. 1, 1989, Lowery, J.].) In this court’s view the actionable conduct occurred when the plaintiff wife was exposed to DES, not when the exposure was discovered. At this point, since the parties were not married, plaintiff husband had no claim to be revived.
In accordance with this determination are Anderson, Walsh and Murphy cases (supra) which are directly on point and hold that "DES” spousal claims were not revived by the revival statute.
*540 On reargument this court is aware of Enright v Lilly & Co. (141 Misc 2d 194 [Sup Ct, Chenango County 1988, Ingraham, J.]) and Cook v Lilly & Co. (Sup Ct, Monroe County, Dec. 19, 1989, Willis, J.) but declines to follow them due to the appellate authority which in this court’s view holds the other way, and the better reasoning of the above-cited (DES) decisions.
For the above-cited reasons, the husband’s claim for loss of consortium is dismissed.