660 So.2d 389 (1995)
Peter FULLERTON, Appellant,
v.
HOSPITAL CORPORATION OF AMERICA, etc., et al, Appellee.
No. 93-2886.
District Court of Appeal of Florida, Fifth District.
September 15, 1995.
Douglas H. Stein of Stein & Warfman, P.A., Miami, and Harry Averell of Harry Averell, P.A., Dania, for appellant.
Walter A. Ketcham, Jr., John C. Willis, IV, and Art C. Young of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for appellee Munroe Regional Medical Center.
John R. Dorough of Patillo & McKeever, P.A., Ocala, for appellee Marion County School Board.
Gary L. Miller of Behan, Freemon & Miller, Tampa, for appellee INFAB Corporation.
Francis J. Carroll, Jr., of Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for appellee Hospital Corporation of America and remaining appellees.
THOMPSON, Judge.
Peter Fullerton ("Fullerton") appeals the entry of a partial final summary judgment in favor of Hospital Corporation of America, d/b/a Marion Community Hospital ("the hospital"), and others which dismissed his derivative *390 consortium claim. The issue on appeal is whether Florida law allows Fullerton to proceed with his derivative claim even though he was not married to his wife at the time she suffered the injury which is the basis of his claim. We affirm.
The facts of this case are not in dispute. Fullerton's cause of action arose as the result of his wife's exposure to radiation when she was a student trainee studying radiation technology at the hospital. Fullerton married his wife several years after she was exposed to radiation. They did not realize that she was injured until three years after they had married when she developed cancer of the thyroid and had to have her thyroid removed. The Fullertons filed their causes of action five years after the exposure, alleging, among other things, that her cancer was caused by improper protection equipment, improper training procedures, and defective equipment.
Relying on Tremblay v. Carter, 390 So.2d 816 (Fla. 2d DCA 1980), the hospital and others filed similar motions for summary judgment, arguing that, because the Fullertons' were married after the injury occurred, Mr. Fullerton could not maintain a consortium claim. In Tremblay, the Second District Court of Appeal held that
If an accident occurs when the relationship of husband and wife does not exist, a person does not acquire the right to claim a loss of consortium when [t]he [person] subsequently marries the injured party.
Id. at 818. In support of its holding, the court cited the common-law rule that "a party must have been legally married to the injured person at the time of the injury in order to assert a claim for loss of consortium." Id. at 817. The rationale behind this rule is that a person may not marry into a cause of action and that a line must be drawn somewhere as to liability. Id. at 817-18.
Fullerton acknowledges that his wife's injury occurred prior to the Fullertons' marriage. Citing cases from other jurisdictions, however, Fullerton contends that he should be permitted to maintain a derivative consortium claim because his wife's cause of action accrued during the marriage when the wife discovered her injury.[1] We recognize that courts in other jurisdictions have permitted a consortium claim for an injury occurring prior to marriage where the cause of action accrues during the marriage when the parties discover the injury. See, e.g., Kociemba v. G.D. Searle & Co., 683 F. Supp. 1577, 1578 (D.Minn. 1988) (holding that general rule that consortium claim may not be maintained for injuries which precede marriage is inapplicable when pre-marriage injury manifests itself during marriage); Stager v. Schneider, 494 A.2d 1307 (D.C. 1985) (permitting consortium claim where failure to disclose test results occurred prior to marriage but was discovered during marriage); Furby v. Raymark Indus., 154 Mich. App. 339, 397 N.W.2d 303, 306 (1986) (permitting consortium claim where asbestos-related illness could not have been discovered in exercise of reasonable care and diligence prior to marriage). These courts conclude that permitting such claims does not thwart the policies of the consortium rule. The spouse is not marrying into a cause of action because, at the time of the marriage, neither spouse knows or could know, through the exercise of reasonable care and diligence, of the latent injury. See Furby, 397 N.W.2d at 306. Additionally, recognizing a consortium claim under these circumstances does not increase litigation because a claim for loss of consortium is derivative and does not create a new action. Id. 397 N.W.2d at 304.
Other jurisdictions, however, have continued to follow the common-law rule set forth in Tremblay that the parties must have been married at the time of the injury in order for one spouse to maintain a claim for loss of consortium, regardless of when the injury actually is discovered. See Doe v. Cherwitz, 518 N.W.2d 362, 364 (Iowa 1994); Anderson v. Eli Lilly & Co., 79 N.Y.2d 797, 580 N.Y.S.2d 168, 170, 588 N.E.2d 66, 68 (1991). These courts conclude that, while the discovery rule extends the limitations period for the injured spouse, it does not create a loss of consortium claim for the uninjured spouse where there was none within the limitations period. See Doe, 518 N.W.2d at 365.
*391 In the absence of any statutory law on this point, Florida courts are required to follow the common-law rule. Cate v. Oldham, 450 So.2d 224, 225 (Fla. 1984); Velazquez v. State, 648 So.2d 302, 303 (Fla. 5th DCA 1995); § 2.01, Fla. Stat. (1993). Accordingly, we conclude that Fullerton may not maintain a consortium claim in this case because his wife's injury occurred prior to the marriage, and we affirm the trial court's entry of partial final summary judgment. Nevertheless, we certify the following question as being an issue of great public importance:
WHETHER THE COMMON-LAW RULE SET FORTH IN TREMBLAY V. CARTER, 390 So.2d 816 (FLA. 2D DCA 1980), PRECLUDES A CLAIM FOR LOSS OF CONSORTIUM WHEN THE INJURY WHICH FORMS THE BASIS OF THE CLAIM OCCURS PRIOR TO THE MARRIAGE BUT THE CAUSE OF ACTION DOES NOT ACCRUE UNTIL THE INJURY IS DISCOVERED DURING THE MARRIAGE.
AFFIRMED; question CERTIFIED.
COBB, J., concurs.
DAUKSCH, J., concurs in part and dissents in part, with opinion.
DAUKSCH, Judge, concurring in part; dissenting in part.
I concur with the decision to certify the question. I respectfully dissent from the result.
The early decisions to bar recovery in cases such as this are founded upon the theories that a married couple constitutes an economic entity and that any injury suffered by the husband is wholly and for all purposes derivative of the wife's rights and her cause of action.
In my view, considering the evolution of the legal status of both partners to a marriage, especially the recognition that each partner is an individual in all respects, the better reasoning would hold that the claim of this husband is not merely derivative.
The husband's injury is derivative because his loss arises out of his marriage to his injured wife. His claim or cause of action is not derivative, or dependent upon, that of his wife; it is his own cause of action and it came into being when the radiation exposure manifested itself. That occurred after the marriage, he suffered as a result and he should be recompensed for what damages he can prove. I would sustain his cause of action and put him to prove such losses that he can.
Baldwin v. B.J. Hughes, Inc., 617 F. Supp. 30, 31 (D.C.La. 1985); Kociemba v. G.D. Searle & Co., 683 F. Supp. 1577 (D.Minn. 1988); Stager v. Schneider, 494 A.2d 1307 (D.C.App. 1985); Furby v. Raymark Indust., Inc., 397 N.W.2d 303 (Mich. App. 1986); Reichelt v. Johns-Manville Corp., 107 Wash.2d 761, 733 P.2d 530 (1987). See Jo-Anne M. Baio, Loss of Consortium: A Derivative Injury Giving Rise to a Separate Cause of Action, 50 Fordham L.Rev. 1344, 1345-46 (1983).
NOTES
[1] See Creviston v. General Motors Corp., 225 So.2d 331, 333 (Fla. 1969).