■ ESTHER JARZABEK, Individually and as Executrix of AN-THONY M. JARZABEK, Deceased, Respondent, v JOHNS-MANVILLE CORPORATION et al., Defendants, and FIBREBOARD PAPER PRODUCTS CORPORATION, Appellant. (Appeal No. 1.) [680 NYS2d 775] —Order unanimously affirmed with costs. Memorandum: This action was commenced on March 18, 1981 to recover damages for injuries sustained by plaintiff's decedent as the result of his exposure to asbestos between 1950 and 1978. During the pendency of the action, the toxic tort revival statute was enacted (L 1986, ch 682, § 4). The statute provides, in pertinent part, that "every action for personal injury * * * or death caused by the latent effects of exposure to * * * asbestos * * * which is barred as of the effective date of this act [July 30, 1986] or which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act". Defendants Fibreboard Paper Products Corporation and Owens-Illinois, Inc. each moved for summary judgment dismissing the complaint against them on the ground that the action was barred by the Statute of Limitations in effect when it was commenced in 1981 (*see*, CPLR 214 [former (5)]; *Matter of Steinhardt v Johns-Manville Corp.*, 54 NY2d 1008, *mot to amend remittitur granted* 55 NY2d 802, *appeal dismissed and cert denied* 456 US 967) and plaintiff was not entitled to the benefit of the toxic tort revival statute because she failed to commence an action during the one-year window provided by the statute.

Supreme Court properly denied the motions. Although the action was time-barred in 1981, it was revived by the toxic tort revival statute. In view of the fact that the action was pending on the effective date of the statute, plaintiff was not required to commence the action a second time during the one-year window period (*see, Piccirelli v Johns-Manville Sales Corp.*, 128 AD2d 762, 763; Siegel, *New York Adopts a "Discovery" Rule for Exposure Cases*, 321 NYS Law Dig [Sept. 1986] 2). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.