■ ESTHER JARZABEK, Individually and as Executrix of ANTHONY M. JARZABEK, Deceased, Respondent, v JOHNS-MANVILLE CORPORATION et al., Defendants, and FIBREBOARD PAPER PRODUCTS CORPORATION et al., Appellants. (Appeal No. 2.) [680 NYS2d 885] —Order unanimously affirmed with costs. Same Memorandum as in *Jarzabek v Johns-Manville Corp.* (255 AD2d 947 [decided herewith]). (Appeals from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.

■ In the Matter of SALLYANNE M. CATALANO, as Administratrix of the Estate of FRANK CATALANO, Deceased, Petitioner, v VILLAGE OF KENMORE, Respondent. [680 NYS2d 375] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Following a disciplinary hearing held pursuant to Civil Service Law § 75, petitioner's decedent was found guilty of falsely reporting that he was struck by a vehicle when in fact he never came in contact with the vehicle, and of filing a false police report based on that incident. From our review of the record, we conclude that the determination is supported by substantial evidence (*see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). In view of the seriousness of the offense, and the fact that petitioner's decedent filed claims for compensation for an injury that never occurred, we conclude that the penalty of termination was neither an abuse of discretion nor " 'shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see, Matter of D'Aurizio v Greece Cent. School Dist.,* 229 AD2d 987; *Matter of McClellan v Alexander Cent. School Bd. of Educ.,* 201 AD2d 898, 900). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Notaro, J.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.