444 So.2d 788 (1984)
Lorraine Sabbathe COATES, et al.
v.
OWENS-CORNING FIBERGLAS CORPORATION, et al.
No. CA 0924.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1984.
*789 George R. Covert, Baton Rouge, for plaintiffs-appellants.
Monte J. Ducote, Charles E. Hamilton, III, Lucie E. Thornton, John C. Reynolds, Michael T. Cali, J. Michael Johnson, Linda S. Harang, James S. Thompson, Robert S. Rooth, Julie D. Livaudais and Joan G. Quinters, New Orleans, for defendants-appellees.
Before BYRNES, LOBRANO and WILLIAMS, JJ.
BYRNES, Judge.
This is an appeal from the granting of a peremptory exception of no cause of action. The appellants, Lorraine Sabbathe Coates, et al, are the wife and children of John C. Coates, a former insulation worker who is suffering from asbestosis. Mrs. Coates and her children sued the appellees, Owens Corning Fiberglas Corp. Inc. [Owens Corning] et al, for the loss of Mr. Coates's consortium, service and society. Their petition alleged that, as a result of his exposure to asbestos particles while using appellant's products, Mr. Coates contracted the progressive disease of asbestosis which in turn caused his lungs to deteriorate to such an extent that he is confined to a wheelchair and requires oxygen to help him breathe. Appellants urge that because of this condition they have been deprived of the consortium, society and service of Mr. Coates.
Suit was filed in September of 1982. Civil Code Art. 2315 was amended by Act 202 of 1982 to allow recovery for losses such as those alleged by the appellants. Owens Corning filed exceptions of no cause and no right of action alleging that, because the loss complained of had occurred prior to the effective date of Act 202, a cause of action did not exist. This contention was based on the assumption that the amendment to Art. 2315 was substantive in nature and therefore could not be given retroactive effect. The trial judge agreed and maintained the exception of no cause of action.
It is well settled that newly enacted laws can only be applied prospectively unless they can be characterized as interpretive, remedial or procedural. C.C. Art. 8, R.S. 1:2, Lott v. Haley, 370 So.2d 521 (La.1979), Ardoin v. Hartford Accident and Indemnity Co., 360 So.2d 1331 (La.1978), Green v. Liberty Mutual Insurance Co., 352 So.2d 366 (La.App. 4th Cir.1977). Appellants urge that the amendment to Art. 2315 was interpretive and merely clarified what was always the scope of recovery under that article.
*790 The distinction between substantive and procedural laws is not always clear. Generally speaking, an interpretive law does not establish new rights, but rather clarifies the method by which already existing rights may be enforced. Substantive laws generally create new rights where none previously existed. Guste v. Burris, 417 So.2d 445 (La.App. 4th Cir.1982).
Appellant's position is that Art. 2315 was always broad enough to allow recovery for loss of consortium, but the scope of that article was improperly limited by the jurisprudence to preclude such recovery. They argue that Act 202 did not create new rights, but legislatively overruled the line of cases which had blocked the exercise of their already existing right to recover for loss of consortium. We do not agree.
The jurisprudence of this state has been uniform for over 100 years in denying recovery under Art. 2315 for the damages sought by the appellants. See Mouton v. Armco Inc., 417 So.2d 889 and 425 So.2d 231 (La.App. 3d. Cir.1982). The amendment to Art. 2315 clearly broadened its scope and created a cause of action which had not previously existed. Because the amendment established new rights it cannot be applied retroactively. Green v. Liberty Mutual Insurance Co., supra.
We now analyze appellants' petition to determine if it states a cause of action. The pertinent allegation of that petition reads as follows:
"Within the past year, the condition of John C. Coates has deteriorated to the extent that he can no longer drive a vehicle, has been confined to a wheelchair, and must continuously depend upon oxygen supplying devices to breath." (Emphasis added).
It seems clear that appellants' petition alleges damages which had occurred within the year immediately preceding the filing of suit. Suit was filed on Sept. 20, 1982. The effective date of Act 202 was Sept. 10, 1982. Thus, while suit was filed after the effective date of Act 202, it appears that the injury on which appellants base their claim had occurred prior to the passage of Act 202.
A cause of action arises when negligent or tortious conduct causes injury. Lucas v. Commercial Insurance Co., 198 So.2d 560, 564 (La.App. 1st Cir.1967). In this case appellants' cause of action arose when they suffered the actual loss of the consortium, society and service of Mr. Coates. This conclusion is based on a realistic examination of the nature of this type of loss. Until an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society, they have suffered no injury. A plaintiff can be injured, or even disabled, without that injury causing the damages contemplated by Act 202. It seems beyond question that the right of beneficiaries under Art. 2315 to recover for their loss of consortium, service and society cannot arise until that loss occurs. Until then any claim for damages would be speculative and premature.
Our courts have reached a similar conclusion in cases of wrongful death. See Smith v. Hurd, 408 So.2d 357 (La.App. 1st Cir.1981) and Holmes v. Pottharst, 438 So.2d 622 (La.App. 4th. Cir.1983). In those cases, wrongful death claims were held to be barred by the 1976 amendment to the worker's compensation law forbidding tort suits against executive officers. In both cases the death occurred after the effective date of the 1976 amendment although the injury which caused the death occurred before the amendment, was passed. In addressing the issue of when a cause of action for wrongful death arose, the court in Holmes, stated; "... the action cannot arise until the victim dies and [it] is intended to compensate the beneficiaries for damages they suffer from the moment of death and thereafter." See also Smith v. Hurd, supra.
Similarly, a cause of action for the loss of consortium under Art. 2315 as amended, cannot arise until the actual loss occurrs. That action is intended to compensate the beneficiaries for damages they suffer from the moment consortium is lost and thereafter. *791 Until that loss occurs the beneficiaries have not been damaged and do not have a cause of action.
By the allegations of their petition, appellants in this case have admitted that their loss of Mr. Coates's consortium, service and society occurred during 1981.
It follows that the injury which gave rise to appellants' claim occurred before the amendment to CC Art. 2315 which created the rights they seek to exercise. The fact that their losses have continued beyond the effective date of the Act is of no consequence. The law in effect at the time appellants' cause of action arose is the law which is applied to their case. Because that law did not allow recovery for loss of consortium, service or society we affirm the action of the trial court.
All costs of this appeal to be borne by appellant.
AFFIRMED.