464 So.2d 979 (1985)
Marlene ABADIE
v.
COMMERCIAL UNION INSURANCE COMPANY.
No. CA-2141.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1985.
*980 S. Michael Cashio, Kenner, for plaintiff-appellant.
Charles A. Boggs, Thomas W. Lewis, New Orleans, for defendant-appellee.
Before SCHOTT, GARRISON and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from the granting of a motion for summary judgment in favor of defendant, Commercial Union Insurance Companies ["Commercial"]. Plaintiff, Marlene Abadie, appeals and urges that the trial court incorrectly granted defendant's motion. We affirm the trial court's decision and dismiss the plaintiff's claim.
Plaintiff's action for damages arises from injuries allegedly sustained by her husband, Raymond Abadie. On August 27, 1982, Mr. Abadie received head and back injuries when a roll of flooring materials fell on him. The injuries occurred at Probst Carpeting when David Probst, defendant's insured and Mr. Abadie were moving the flooring materials.
On February 22, 1983, Mr. Abadie filed suit against Mr. Probst and Commercial. Mrs. Abadie was not a party to the suit. Mr. Abadie's claims included damages for lost wages, present and future, as well as past, present, and future pain and suffering. After a considerable amount of discovery, Mr. Abadie settled with Mr. Probst and Commercial for ninety one thousand eight hundred and ninety-nine and 62/100 ($91,899.62) dollars. Upon settlement, Commercial and Mr. Probst were fully released and discharged from liability by Mr. Abadie. Additionally, on August 8, 1983, an order was signed dismissing Mr. Abadie's action.
On August 26, 1983, Mrs. Abadie filed suit against Commercial seeking damages of one hundred thousand and no/100 ($100,000.00) dollars. In her petition Mrs. Abadie alleged that:

III.
As a result of the injury to her husband, plaintiff avers that she has suffered a loss of consortium which has caused her severe mental anguish and nervousness, loss of comfort and affection, as well as loss of shared home maintenance responsibilities such as lawn and garden care, home and automobile repair needs and the shared responsibilities in raising and caring for three dependent children.
Thereafter, defendant filed a motion for summary judgment as to Mrs. Abadie's petition on the grounds that on the date of Mr. Abadie's accident and Mrs. Abadie's corresponding loss of consortium, Louisiana law did not permit a cause of action for loss of consortium under circumstances where death did not occur.
In 1982, Louisiana Civil Code Article 2315 was amended to allow for loss of consortium, service and society in cases where death does not occur. The effective date of the amendment was September 10, 1982. Neither Mrs. Abadie's original petition, nor her opposition to the motion for summary judgment allege that the loss of consortium occurred after the effective date of the amended article 2315. To the contrary, in her memorandum in opposition to the motion for summary judgment, plaintiff argued that the amendment of Article 2315 was merely interpretive or curative and should be applied retroactively so as to allow recovery.
As it should be, the trial court's decision is based on the pleadings and motions before it, and it is apparent that the only question before the court was a question of law regarding the retroactivity of Article 2315. Obviously, the court below found that the amended Article 2315 did *981 not apply at the time of the accident thereby granting the summary judgment and we find the granting of the summary judgment correct.
On appeal the plaintiff alleges that the loss of consortium did not manifest itself until after September 10, 1982. In Coates v. Owens-Corning Fiberglass Corp., 444 So.2d 788 (La.App. 4th Cir.1984) this court held that a cause of action for loss of consortium does not arise until the plaintiff actually suffers the loss. Mrs. Abadie argues that in light of this decision it is at least a question of fact as to when the plaintiff's loss of consortium actually manifested itself. On appeal this court has reviewed the facts and law as presented to the trial court. The record contains no evidence, depositions, admissions or affidavits in connection with the motion, or opposition thereto, to prove when the loss actually manifested itself. The mere possibility that this issue of fact could have been raised does not defeat the summary judgment. In the absence of this issue of fact the trial court must assume the facts before it are uncontroverted and render its judgment accordingly; therefore, we find that there is no error in the trial court's granting of Commercial's motion for summary judgment.
For the foregoing reason the decision of the trial court is affirmed.
AFFIRMED.
SCHOTT, J., concurs.
SCHOTT, Judge, concurs in the result.
Plaintiff argues that her loss of consortium with her husband did not manifest itself until subsequent to the effective date of Act 202 of 1982 amending C.C.Art. 2315. She cites some language from Coates v. Owens-Corning Fiberglas Corp., 444 So.2d 788 (La.App. 4th Cir.1984) in support of her argument.
The cited case involved asbestosis, a slowly developing condition which is not even noticeable much less disabling until it progresses to some extent. Thus, the court observed that the family of such a victim would suffer no loss of consortium until the disease progressed to some extent.
The cited case has no application to the instant case which involves a single traumatic injury to plaintiff's neck and back. His condition of disability was the immediate result of the accident, and plaintiff's loss of consortium occurred simultaneously. Thus her damage was sustained and manifested itself prior to the effective date of the amendment to Art. 2315.