WILLIAMS, Judge.
This is an appeal from a ruling of the trial court ordering the enforcement of a settlement agreement entered into by plaintiff, Cynthia Hidalgo.
Plaintiff filed suit against the owner of the complex, its general partner, the management firm, and their insurer for injuries that she allegedly received as a result of an accident in the swimming pool of an apartment complex. Defendants’ insurer, Ambassador Insurance Company [“Ambassador”], was made a third-party defendant in order to force it to defend defendants in the action. Shortly before trial, plaintiff entered into a settlement agreement, agreeing to drop her claim for $20,000.00. The major issue in this appeal is whether the settlement agreement bound all of the defendants or only Ambassador.
Shortly before the settlement agreement was entered into, the trial court granted a motion substituting Ambassador’s counsel for that of the other defendant-appellants. Counsel for plaintiff sent the attorney the following letter:
“This will confirm our conversation of Wednesday, November 30, wherein you agreed to pay the sum of $20,000.00 in settlement of this matter. Please forward funds as soon as you are in receipt of same.”
Opposing counsel responded with the following:
“This will confirm settlement of the above claim for $20,000.00 total.
“Also, as per our conversation, we have enclosed copy of the recent order received from the Commissioner of Banking in Vermont regarding the rehabilitation of Ambassador Insurance Company. “As soon as we receive the settlement draft, we will forward same onto [sic] you, along with the appropriate closing papers.”
Apparently, Ambassador was in some financial trouble at that time. Plaintiff asserts that it was because of this problem that all of the insured were also to be part of the settlement, not limiting it to Ambassador. Plaintiff’s apprehensions of Ambassador’s financial difficulties seemingly were well-founded and it has become necessary for plaintiff to attempt to collect its funds from other defendants.
The settlement agreement is not contained in the record, and no evidence was introduced at the hearing on the motion to enforce settlement. Without any evidence we are unable to determine which parties were bound by the agreement and the intent of the parties to the settlement. For these reasons we must remand to the court below for a full evidentiary hearing on the issue.
Defendants argue that an insurance company may not bind its insureds without *983 permission E.g. Roberie v. Southern Farm Bureau Casualty Insurance Co., 250 La. 105, 194 So.2d 713 (1967). Defendants’ position is that because Ambassador settled without their permission, the compromise agreement cannot be enforced against them.
An insurer is required to place the interests of the insured as paramount when settlement offers are made. In Ro-berie, for example, the insurance company was in bad faith because it settled in excess of the policy limits, holding the insured liable, without fully informing him. Domangue v. Henry, 394 So.2d 638, 640 (La.App. 1st Cir.1980) and cases cited therein. This issue has no bearing on plaintiff’s motion if the trial court finds that Ambassador’s counsel acted on behalf of all defendants and bound them to the settlement. Whether the compromise agreement was in defendants’ best interests is a matter only between the insurer and insureds. Should the agreement not be in defendants’ best interests, their remedy does not afford them an escape from the agreement, but rather an action against their insurer. See, e.g. Cousins v. State Farm Mutual Automobile Insurance Co., 294 So.2d 272 (La.App. 1st Cir.1974).
For the foregoing reasons, the case is remanded to the trial court for a full evi-dentiary hearing to determine whether all defendant-appellants were bound by the settlement agreement.
REMANDED.
SCHOTT, J., concurring in part, dissenting in part.