CRAIN, Judge.
This is an appeal from a judgment of the trial court which maintained a motion for summary judgment.
FACTS
On June 23, 1982, Jack Evans allegedly was seriously injured when he fell 70 feet from a coal conveyor extension on which he was working at Cajun Electric Power Cooperative, Inc.’s Big Cajun power plant near New Roads, Louisiana. Evans landed on a welding machine located on the ground, below an open area of the coal conveyor extension unit. It is alleged that he fell when a pipeline on which he was standing broke. Evans allegedly sustained serious injuries and has been incapacitated since the date of the accident.
On June 23, 1983, Evans filed an amended petition wherein he joined as additional plaintiffs his wife, Marietta Jo Evans, and his 12 year old step-son, Jerry Todd Brown (appellants). Appellants sought an additional $300,000 in damages for loss of consortium suffered by Mrs. Evans and Brown as a result of the accident. This amended petition adopts the allegations of Mr. Evans’ original petition including the allegation that Mr. Evans is totally and permanently disabled as a result of the June 23, 1982, accident.
Several of the defendants filed motions for summary judgment or, in the alternative, exceptions of no cause or right of action alleging that the cause of action asserted by the appellants arose prior to September 10, 1982, the effective date of *967 the amendment to La.C.C. art. 2315[1] which allows damages for loss of consortium, Appellants argue that the loss of consortium has continued from September 10, 1982, until present, therefore, they have a right or cause of action for loss of consortium subsequent to the effective date of the amendment.
On November 3, 1983, the trial court rendered a judgment granting the motions for summary judgment and dismissing the appellants’ claims. The appeal is from this judgment.
Appellants concede that the amendment to La.C.C. art. 2315 does not apply retroactively. Coates v. Owens-Corning Fiberglass Corporation, 444 So.2d 788 (La.App. 4th Cir.1984). However, they claim damages for any loss of consortium existing after the effective date of the amendment. This exact question was before the court in Coates and was answered as follows:
(T)he injury which gave rise to appellants’ claim occurred before the amendment to CC Art. 2315 which created the rights they seek to exercise. The fact that their losses have continued beyond the effective date of the Act is of no consequence. The law in effect at the time appellants’ cause of action arose is the law which is applied to their case. Because that law did not allow recovery for loss of consortium, service or society we affirm the action of the trial court. (Emphasis added)
Coates, 444 So.2d at 791. The facts in the instant case are on all fours with Coates. The question is not whether loss of consortium exists after the amendment, but whether it arose prior to it.[2] Accordingly, the motions for summary judgment were properly maintained,
For the foregoing reasons, the judgment 0f the trial court is affirmed at the appel-Iants' costs.
AFFIRMED.

. La.C:C. art. 2315(A) and (B), as amended by Act 202 of 1982, reads as follows:
Art. 2315. Liability for acts causing damages; survival of action
A. Every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it.
B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.

. Appellants argue in their brief that the motions for summary judgment should have been denied because there was a genuine issue of material fact. Specifically, appellants argue the appellees failed to show that the loss of consortium began prior to September 10, 1982. All the plaintiffs admit that Evans sustained severe permanent injuries from the day of this accident. This allegation is made by the appellants in their amending petition wherein they adopt the allegations contained in Evans’ original petition. In the original petition, section 9, Evans sets forth allegations that clearly contend he was severely injured and incapacitated on June 23, 1982, the date of the accident.