**Danny Ray BALDWIN and
Gloria J. Baldwin**

v.

**B.J. HUGHES, INC.**

**Civ. A. No. 83-2495.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Aug. 20, 1985.

Robert W. Fenet and Terry Thibodeaux, Woodley, Barnett, Williams, Fenet & Palmer, Lake Charles, La., for plaintiffs.

Joe A. Brame, Brame, Bergstedt & Brame, Michael J. McNulty, III, Plauche, Smith & Nieset, Lake Charles, La., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

VERON, District Judge.

This matter comes before the Court upon the motion of defendant, B.J. Hughes, Inc., to dismiss the claim of plaintiff, Gloria J. Baldwin, on the ground that her action is barred pursuant to the one year period of prescription set forth in Louisiana Civil Code Article 3492. Before analyzing the legal merits of defendant's motion, it is necessary to set forth the travel of the case to date.

On or about October 12, 1983, the plaintiff Danny Ray Baldwin brought an original complaint based upon diversity jurisdiction alleging that he was injured on January 16, 1983, while engaged in drilling work when tongs, manufactured by the defendant, B.J. Hughes, Inc., came unlatched and struck him in the back. The defendant answered the complaint and on June 26, 1985, plaintiff moved to amend the complaint in order to have his wife, Gloria, added as a party plaintiff. The motion was granted and on June 28, 1985, plaintiffs filed their amended complaint adding counts for Gloria J. Baldwin's "mental anguish and suffering, loss of services and loss of consortium" suffered as a result of the accident involving plaintiff, Danny Ray Baldwin.

On July 18, 1985, defendant filed the instant motion to dismiss pursuant to Fed. R.Civ.Pro. 12(b)(6) contending that because the husband's injury occurred on January 16, 1983, and the wife's claims for mental suffering and loss of consortium were not filed until more than two years after her husband's alleged injury, her claim must be

barred by the one year period of prescription for delictual actions set forth in Louisiana Civil Code Article 3492.[1] The defendant incorrectly seems to presume, however, that the wife's claims arose on the same day as her husband's injury. The defendant fails to recognize that the wife's claims for mental suffering and loss of consortium are entirely separate and distinct from her husband's claim for physical injury.

In this diversity action, the Court is bound to apply Louisiana law. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). While Louisiana is a community property jurisdiction, damages for personal injury suffered by a married woman constitute her separate property and she is entitled to bring suit for them in her own right. *Talley v. Employers Mut. Liab. Ins. Co.*, 181 So.2d 784 (La.App. 4th Cir.1965), writ refused 248 La. 785, 181 So.2d 783 (1965). Moreover, even though the husband's claims for injuries suffered and the wife's claims for mental suffering and loss of consortium arise from an alleged common tort, each is a separate and distinct cause of action. The claims arise at different times and each concerns damages for different losses and injuries. *See Holmes v. Pottharst*, 438 So.2d 622, 623 (La.App. 4th Cir.1983).[2] The Husband's action arises simultaneously with the commission of the tort.[3] The wife's damages for mental suffering and loss of consortium, however, do not arise until she actually suffers the loss, which may actually be at a time much later than when the husband's cause of action accrued. *Coates v. Owens-Corning Fiberglass Corp.*, 444 So.2d 788 (La.App. 4th Cir.1984); *Lucas v. Commercial Ins. Co.*, 198 So.2d 560 (La. App. 1st Cir.1967)[4]; *see also Miller v. Lykes Brothers Steamship Co., Inc.*, 467 F.2d 464, 467 (5th Cir.1972).

In *Coates*, the Louisiana appellate court held that the plaintiffs' cause of action arose when they suffered the actual loss of consortium, society and service.

Until an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society, they have suffered no injury. A plaintiff can be injured, or even disabled, without that injury causing the damages contemplated by Act 202 [wherein the Louisiana Legislature created the cause of action for consortium, effective September 10, 1982]. It seems beyond question that the right of beneficiaries under Art. 2315 to recover for their loss of consortium, service and society, cannot arise until that loss occurs. Until then any claim for damages would be speculative and premature. *Coates, supra* at 790.

In the case at bar, the plaintiffs' amended complaint provides no clue as to when plaintiff, Gloria J. Baldwin, first allegedly sustained mental suffering and loss of consortium.[5] The rule is well established that

1. "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La.Civ.Code Art. 3492.

2. In the *Holmes* case, the Louisiana Fourth Circuit Court of Appeal held that a wrongful death claim was barred by the 1976 amendment to the workman's compensation law forbidding tort suits against executive officers. The death occurred after the effective date of the 1976 amendment even though the injury which caused the death occurred before the amendment had been passed. In addressing the issue of when a cause of action for wrongful death arose, the Court stated: "... the action cannot arise until the victim dies and [it] is intended to compensate the beneficiaries for damages *they* suffer from the moment of death and thereafter." In *Holmes* and other Louisiana cases, it

has been consistently held that a survival action and a wrongful death claim are separate and distinct causes of action despite the fact that they arise from a common tort. *Id.* at 623.

3. When the damage is not immediately discoverable, prescription begins when a "reasonable person" should be aware of both the tort and the damages suffered. *Guidry v. Theriot*, 377 So.2d 319 (La.1979).

4. Wherein the Court held that a cause of action arises when negligent or tortious conduct causes injury. *Lucas, supra* at 564.

5. The amended complaint reads in pertinent part: "12. Because of the injuries received [by plaintiff, Danny Ray Baldwin], plaintiff, Gloria J. Baldwin, has sustained mental anguish and suffering, loss of services and loss of consortium."

while a statute of limitations defense may be raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), such a motion is not to be granted unless it is made to appear beyond doubt that the plaintiff can prove no set of facts in support of her claim which might entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tennessee*, 706 F.2d 638, 640 (5th Cir.1983); *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir.1977). In considering the Rule 12(b)(6) Motion, this Court "must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff." *Abdul-Alim Amin, supra* at 640; *Kaiser-Aluminum Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982).

Because there is absolutely no evidence before this Court as to when the plaintiff, Gloria J. Baldwin, first allegedly sustained damages, this Court is unable to hold as a matter of law that her claims are barred by the one year prescription set forth in Louisiana Civil Code Article 3492.[6] Consequently, defendant's motion to dismiss the complaint of plaintiff, Gloria J. Baldwin, is DENIED.[7]

**6.** This Court notes with interest the decision of the Fourth Circuit Court of Appeal for the State of Louisiana in the case of *Hidalgo v. Frenchman's Wharf Apartments*, 464 So.2d 981 (La. App. 4th Cir.1985), wherein that Court affirmed the granting of summary judgment in favor of the defendant on the ground that the plaintiff nowhere alleged that her loss of consortium occurred after the effective date of the amended La.Civil Code Article 2315, which created the new cause of action for loss of consortium, etc. While plaintiff argued on appeal that a question of fact existed as to when the plaintiff's loss of consortium actually was manifested, she had failed in the court below to raise any such question of fact. The issue to be determined by this Court on defendant's motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6) however, is simply to determine whether the plaintiff's amended complaint is legally sufficient on its face. 2A Moore, Federal Practice ¶ 12.08, at p.

2266; *Abdul-Alim Amin, supra.* As no factual evidence was presented to the Court at the time of oral argument to show that the plaintiff's wife's cause of action accrued more than one year prior to her bringing of the amended complaint (whereupon this Court could have treated defendant's motion as one for summary judgment pursuant to Fed.R.Civ.Pro. 56; see Fed.R. Civ.Pro. 12(b)(6)), this Court must limit its inquiry to the contents of the amended complaint, which it finds to be clearly sufficient on its face to state a cause of action upon which relief can be granted under Louisiana law.

**7.** Should the defendant determine through the course of discovery that the wife's alleged damages were sustained more than one year prior to the bringing of the amended complaint, however, the holding of this Court shall not prejudice defendant's right to move for summary judgment.