KLIEBERT, Judge.
This is a suspensive appeal by defendant-third party petitioner, William Kohlmann Gauthier, M.D., from a judgment maintaining exceptions of prescription to his third party petition against Paul J. Leaman, Jr. and Leaman and Company, Inc., his alleged insurance brokers. For the reasons which follow, the judgment of the district court is reversed and remanded for further proceedings.
The original plaintiff, Mrs. Bertha Wilson, filed suit on January 28, 1977 alleging the medical malpractice of Dr. Gauthier, et al from an operation performed on February 2, 1976. Originally, the defendants included ABC Insurance Company, the alleged, then unknown, medical malpractice insurer for Dr. Gauthier. Subsequently, the plaintiffs petition was amended to specifically include St. Paul Fire and Marine Insurance Company (St. Paul) as the insurer of Dr. Gauthier and others.
General denials to the original petition were filed by Dr. Gauthier and St. Paul in March and April 1977. Some five years later, on September 9, 1983, Dr. Gauthier filed a third party demand against Paul Leaman, d/b/a Leaman and Company, Inc., and St. Paul. The petition alleged that for years prior to 1976 Leaman, as an authorized insurance agent for St. Paul, had furnished professional liability coverage to Dr. Gauthier and had informed Dr. Gauthier there was a binder issued in January 1977, and prayed for judgment against Lea-man and/or St. Paul for whatever amount he may be cast in judgment on the original petition. Subsequently, the third party petition was amended to include Leaman and Company, Inc. as a third party defendant.
St. Paul filed an answer to the third party demand. The answer specifically alleged that lack of coverage for the incident sued on by the original plaintiff, Bertha Wilson. Defendant, Paul Leaman, filed declinatory exceptions, dilatory exceptions and a peremptory exception of prescription. Subsequently, Leaman and Company, Inc. filed an exception of prescription.
During the oral arguments on the exceptions of prescription, the third party defendant submitted in evidence a copy of a letter from Dr. Gauthier dated May 13, 1977 to Paul Leaman. The letter stated in part the following:
“You will note by the enclosed photocopy that St. Paul Insurance Company has refused to acknowledge to Mr. Hunley that I was covered under a binder as stated in your letter. This greatly disturbs me and I am sure that you must be aware that if St. Paul refuses to acknowledge this binder then I must hold you and your company as responsible as if the St. Paul Insurance Company had actually provided me with a policy. [The photocopy referred to above was not part of the exhibit filed in the record before us.]”
The Leaman letter referred to by Dr. Gau-thier was dated January 9,1976 and provided in part as follows:
“Professional and Premises Liability Coverage is bound this day with St. Paul Fire & Marine Insurance Company with limit of $1,000,000 each claim, $3,000,000 aggregate.
Please accept this as evidence of coverage pending receipt of the formal policy.”
Leaman contended at the hearing on the exceptions that Dr. Gauthier’s third party *689 action was grounded in tort and governed by a one year prescriptive period of Civil Code Article 3492. He then argues that since the letter of May 13, 1977 shows Dr. Gauthier had knowledge St. Paul was denying coverage, prescription commenced to run on that day. Therefore, he argues prescription had run when the third party petition was filed on September 9, 1983. Although counsel for Dr. Gauthier had originally made the same argument in support of his declinatory and dilatory exceptions, subsequently, on argument of Lea-man and Company, Inc., prescription exception and on appeal here, Dr. Gauthier’s counsel contends his claim was for indemnification or contribution; hence, prescription began to run only from the day on which he was cast in judgment.
Although St. Paul denies coverage, notwithstanding the court’s ruling on the exceptions of prescription, it is nevertheless a party defendant in the original suit. Neither the alleged policy which Leaman ultimately procured nor his authority to issue a binder which would bind St. Paul to the coverage indicated in the letter of January 9, 1976 are in the record. Further, there is no evidence as to Dr. Gauthier’s request for coverage, or what type of coverage he desired or why Leaman believed there was coverage by St. Paul.
In the event St. Paul’s contentions as to lack of coverage are correct, on the pleadings and evidence now in the record, Leaman may be liable to Dr. Gau-thier in tort and/or for breach of contract, depending upon the particular evidence submitted to establish the relationship between Leaman and St. Paul and Leaman and Gauthier. Moreover, in tort, prescription does not commence to run until the injured party becomes aware he has sustained an injury. Coates v. Owens-Corning Fiberglass Corp., 444 So.2d 788 (4th Cir.1984). Here, St. Paul’s denial of coverage does not in fact absolve it of ultimate liability. For example, if in fact Leaman did issue a binder and was authorized to do so there may well be coverage by St. Paul, which would absolve Leaman of its contractual obligation to Gauthier to obtain coverage. Hence, although Dr. Gauthier was aware St. Paul would deny coverage, this knowledge does not equate to awareness or knowledge of injury sufficient to commence the running of prescription. From this stems the line of cases holding that where the claim is for indemnification or contribution by virtue of a tort, prescription does not begin to run until the party seeking it is, itself, cast in judgment. Blue Streak Enterprises, Inc. v. Gulf Coast Marine, 370 So.2d 633 (4th Cir.1979); Smith v. Hartford Accident and Indemnity, 399 So.2d 1193 (3rd Cir.1981).
As we view the case here the claim by Dr. Gauthier is for indemnification, contribution, and/or for breach of contract and dependent on whether there was negligence on Dr. Gauthier’s part, but no coverage by St. Paul and the reasons for the lack of insurance coverage. Thus, when all of the facts are known the claim may sound in tort and/or in breach of contract. In either case, based on the pleadings and evidence before us, it would appear the case has not prescribed. For that reason, we reverse and set aside the trial judge’s ruling maintaining the exceptions of prescription and remand the case for further proceedings. The appellee is to pay the costs of the appeal.
REVERSED, SET ASIDE AND REMANDED.