781 So.2d 623 (2001)
Lonnie McDUFFIE, et al.
v.
ACANDS, INC., et al.
No. 2000-C-2745.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2001.
Kay Barnes Baxter, Kirkland & Barkfield, P.A., New Orleans, LA, Counsel for Defendant.
Court composed of Judges WALTZER, TOBIAS, and GORBATY.
WALTZER, Judge.

STATEMENT OF THE CASE
On 7 December 2000, respondents filed suit against thirty defendants seeking damages for injuries allegedly sustained by Lonnie McDuffie at various times between 1957 and 1977 when he allegedly *624 was exposed to and allegedly inhaled asbestos fibers. The petition alleges that as a result of this exposure, Mr. McDuffie contracted asbestosis and pleural disease, which was first diagnosed on 22 February 1999. Included among the causes of actions alleged in respondents' petition, and at issue in this application for supervisory review, was a claim by Mrs. McDuffie for loss of consortium, loss of love and affection, loss of support, loss of services, and for the mental pain and anguish which she has endured from watching her husband suffer. The petition does not allege the date on which Mr. McDuffie became symptomatic or the date on which Mrs. McDuffie's damages began to accrue.
Relator, ACandS, Inc., is alleged to have manufactured, distributed and/or sold a product that was unreasonably dangerous per se, was defective in design, and breached its warranty. Furthermore, respondents alleged that relator failed and refused to warn Mr. McDuffie of the danger of exposure to the products and failed to warn of the invisible nature of the asbestos and that it could cause diseases such as cancer, asbestosis, and pleural thickening.
Respondents have not replied to the writ application.

ANALYSIS
Relator posits the issue in this case as a narrow one: does the 1982 amendment to LSA-C.C. art. 2315 apply retroactively to injury allegedly sustained between 1957 and 1977.
In 1982, the legislature added a second paragraph to LSA-C.C. art. 2315 providing that damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person. The amendment was effective as of 10 September 1982. Prior to that time, the Civil Code did not provide for damages for loss of consortium.
The jurisprudence has, without exception, established the principle that the 1982 amendment is a substantive law, effective only prospectively. In Coates v. Owens-Corning Fiberglas Corporation, 444 So.2d 788, 790 (La.App. 4 Cir.1984), we held in an asbestosis case that the injury that gave rise to plaintiffs' claims occurred prior to the amendment, and affirmed the district court's granting of defendant's peremptory exception of no cause of action. We held that the 1982 amendment clearly broadened the scope of LSA C.C. art. 2315 and created a cause of action which had not previously existed. Because it established new rights, the amendment could not be applied retroactively.
Cases from the First and Third Circuit courts of appeal are instructive. In Evans v. Cajun Electric Power Coop., Inc., 471 So.2d 965 (La.App. 1 Cir.1985), the court refused to extend the effect of the 1982 amendment where the injury occurred prior to the amendment's effective date, but the consortium damages continued into the effective period. In Ferguson v. Burkett, 454 So.2d 413 (La.App. 3 Cir.1984), a legal malpractice claim, the court recognized the substantive nature of the 1982 amendment and affirmed the district court's judgment sustaining exceptions of no cause of action and no right of action. In that case, the court found the effective date of the legislative amendment was subsequent to the acts of negligence complained of and therefore did not apply the amendment.
Coates, however, casts doubt on Ferguson's assertion that it is the date of the negligent act alone that controls the effectiveness of the amendment. While having found it well settled that the amendment was substantive and not to be applied retroactively, this Court did not end its inquiry, *625 but recognized that a cause of action arises when negligent or tortious conduct causes injury, citing Lucas v. Commercial Union Ins. Co., 198 So.2d 560, 564 (La. App. 1 Cir.1967). Applying that principle, this Court held that plaintiffs' cause of action arose when they suffered the actual loss of Mr. Coates' consortium, society and service. Coates, 444 So.2d at 790. We opined:
In this case appellants' cause of action arose when they suffered the actual loss of the consortium, society and service of Mr. Coates. This conclusion is based on a realistic examination of the nature of this type of loss. Until an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society, they have suffered no injury. A plaintiff can be injured, or even disabled, without that injury causing the damages contemplated by Act 202. It seems beyond question that the right of beneficiaries under Art. 2315 to recover for their loss of consortium, service and society cannot arise until that loss occurs. Until then any claim for damages would be speculative and premature.... Similarly [to the construction of the effect of the 1976 amendment barring wrongful death claims in tort against an employer's executive officers], a cause of action for the loss of consortium under Art. 2315 as amended, cannot arise until the actual loss occurs. That action is intended to compensate the beneficiaries for damages they suffer from the moment consortium is lost and thereafter. Until that loss occurs the beneficiaries have not been damaged and do not have a cause of action. By the allegations of their petition, appellants in this case have admitted that their loss of Mr. Coates's consortium, service and society occurred during 1981. [Emphasis added.]
It follows that the injury which gave rise to appellants' claim occurred before the amendment to CC Art. 2315 which created the rights they seek to exercise. The fact that their losses have continued beyond the effective date of the Act is of no consequence. The law in effect at the time appellants' cause of action arose is the law which is applied to their case. Because that law did not allow recovery for loss of consortium, service or society we affirm the action of the trial court. [Emphasis in original.]

Coates, 444 So.2d at 790-91.
It is well accepted that a peremptory exception of no cause of action accepts as true the well-pleaded facts of the petition. However, in this case, the petition fails to include a relevant, critical fact. We have examined the petition filed with relator's writ application and are unable to determine the date of onset of the loss of consortium claim. The petition alleges neither the date on which Mr. McDuffie became symptomatic nor the date on which Mrs. McDuffie first lost his services and consortium. The petition merely asserts that he was first diagnosed as having asbestosis and pleural disease in 1999.
In light of the fact that asbestosis is a slowly developing condition which is not noticeable, much less disabling, until it progresses to some extent, Mrs. McDuffie would suffer no loss of consortium until the disease had progressed to some extent that cannot be determined from the petition. See, Abadie v. Commercial Union Ins. Co., 464 So.2d 979 (La.App. 4 Cir. 1985), concurrence of Judge Schott.
Absent an allegation in the petition setting forth an onset of Mrs. McDuffie's loss of consortium that would defeat application of the amendment, we deny the relief sought by relator.
*626 WRIT GRANTED. RELIEF DENIED ON THE SHOWING MADE.