846 So.2d 813 (2003)
Murphy J. EWING and Gwendolyn T. Ewing, et al.
v.
ARMSTRONG WORLD INDUSTRIES, INC., et al.
No. 02-918.
Court of Appeal of Louisiana, Third Circuit.
February 19, 2003.
*814 Gerolyn P. Roussel, Perry J. Roussel, Jr., Jules K. Boudreaux, Roussel & Roussel, LaPlace, LA, for Gwendolyn T. Ewing, Wilson Ewing, Terry Paul Ewing, Rodney Ewing, and Christine Ewing Bodin.
Gary P. Kraus, Onebane, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, LA, for John Carroll Robicheaux.
Gary A. Lee, Richard M. Perles, Johanna G. King, Lee, Futrell & Perles, L.L.P., New Orleans, LA, for Peter Territo, Steven Kennedy, and Albert Bossier, Jr.
Samuel M. Rosamond III, Fleming & Rosamond, L.L.P., Metairie, LA, for Commercial Union Insurance Company.
David Joseph Bourgeois, Metairie, LA, for Branton Insulations, Inc.
William Lee Schuette, Jr., Jones, Walker, Waechter, Baton Rouge, LA, for Viacom, Inc.
Gregory Michael Anding, Gary A. Bezet, Kean, Miller, Hawthorne, Baton Rouge, LA, for Exxon Corporation and Texaco, Inc.
William Glenn Burns, Metairie, LA, for The Flintkote Company.
James E. Diaz, Onebane, Bernard, Torian, Lafayette, LA, for Brown & Root, Inc.
Stephen Nolan Elliott, Bernard, Cassisa, et al., Metairie, LA, for Reilly-Benton Company, Inc.
Joseph Warren Gardner, Jr., Christovich & Kearney, New Orleans, LA, for Highlands Insurance Company.
Lynn M. Luker, New Orleans, LA, for Foster-Wheeler Corporation.
Janet Leslie MacDonell, Arthur Wendel Stout III, Deutsch, Kerrigan & Stiles, *815 New Orleans, LA, for Rhone-Poulenc Ag Company.
Susan B. Kohn, Simon, Peragine, Smith, New Orleans, LA, for The McCarty Corporation.
Christopher Kelly Lightfoot, Metairie, LA, for Taylor-Seidenbach, Inc.
Alison Speirer Borison, Lawrence Goode Pugh III, New Orleans, LA, for Eagle, Inc.
Larry Gene Canada, New Orleans, LA, for Combustion Engineering, Inc.
Kaye N. Courington, New Orleans, LA, for Hopeman Brothers, Inc.
Robert Edgar Caraway III, Kenan Slade Rand, Jr., New Orleans, LA, for Peter Territo, American Motorists Insurance Co., Steven Kennedy, Albert Bossier.
Valerie T. Schexnayder, Metairie, LA, for The Flintkote Company.
Troy Nathan Bell, New Orleans, LA, for Garlock Inc.
Claude Frederick Bosworth, Gordon Peter Wilson, Lugenbuhl, Burke, Wheaton, et al., New Orleans, LA, for Travelers Insurance Company.
Charles V. Giordano, Metairie, LA, for Rapid-American.
Walter Scott Brown, New Orleans, LA, for Uniroyal, Inc.
James Francis d'Entremont, New Orleans, LA, for Babcock Borsig Power, Inc.
Court composed of ULYSSES GENE THIBODEAUX, MICHAEL G. SULLIVAN, and BILLY H. EZELL, Judges.
THIBODEAUX, Judge.
Plaintiffs, Gwendolyn T. Ewing, the wife of Murphy J. Ewing who contracted mesothelioma as a result of his work-related exposure to asbestos, and his children from a previous marriage, Wilson Ewing, Terry Paul Ewing, Rodney Ewing and Christine Ewing Bodin, sometimes collectively referred to as "plaintiffs or Ewing survivors," appeal the judgment of the trial court granting the defendants', Peter Territo, Albert Bossier, Steven Kennedy, Commercial Union Insurance Company (Commercial Union), Highlands Insurance Company (Highlands), American Motorist's Insurance Company (American), Travelers Insurance Company (Travelers), and John Carroll Robicheaux, sometimes collectively referred to as "defendants," exception of no cause of action on the plaintiffs' loss of consortium claim. After reviewing the record and the applicable law, we affirm the judgment of the trial court and hold that the plaintiffs' alleged cause of action for loss of consortium is barred by the exclusive remedies provision of the Louisiana Workers' Compensation Law.

I.

ISSUE
The significant issue in this case is whether the trial court erred in granting the defendants' exception of no cause of action where the plaintiffs filed a loss of consortium claim against executive officers in a wrongful death case. The decedent's death arose out of a long-latency occupational disease (mesothelioma) due to exposure to asbestos during the years 1964 through 1974. The decedent, Murphy J. Ewing, died on April 10, 1997. Until 1982, an action for loss of consortium did not exist, and since the 1976 amendment to La.R.S. 23:1032, the workers' compensation law has provided the exclusive remedy for suits against executive officers.

II.

FACTS AND PROCEDURAL HISTORY
Murphy J. Ewing was employed with Brown & Root, Inc. from about 1964 *816 through 1974 and with Avondale Industries, Inc. (formerly Avondale Shipyards, Inc.) from about 1971 through 1972. During his employment with these companies, he was exposed to asbestos. Ewing's exposure to asbestos resulted in his contraction of mesothelioma that was diagnosed on or about July 9, 1996. On April 10, 1997, Ewing died as a result of the mesothelioma. Meanwhile, on July 23, 1996, the same month he was diagnosed with mesothelioma, Ewing and his wife Gwendolyn filed suit in district court for damages arising out of his mesothelioma diagnosis, including, but not limited to, a loss of consortium claim on behalf of Gwendolyn. In January 1998, the decedent's children filed supplemental and amending petitions, asserting claims for loss of consortium and the wrongful death of their father against executive officers of his former employers that arose due to Ewing's injury and subsequent death.
On July 26, 2002, the defendants filed peremptory exceptions of no cause of action with respect to the plaintiffs' loss of consortium claims. On July 1, 2002, the trial court rendered a judgment that maintained the defendants' peremptory exception of no cause of action with respect to the plaintiffs' loss of consortium claims. It is from the trial court's judgment that the plaintiffs seek review in this court.

III.

LAW AND DISCUSSION
The plaintiffs argue that the petition states a cause of action for loss of consortium because: 1) their loss of consortium claims arose after September 10, 1982, the effective date of Act 202, which amended La.Civ.Code art. 2315 and allowed survivors to assert a claim for loss of consortium, 2) their claims are derivative of their decedent's primary claim of injury, and 3) Act 989 of 1999, amended La.Civ.Code art. 2315 making it applicable to loss of consortium claims which existed prior to its effective date. The defendants, on the other hand, assert that at the time of the alleged negligent conduct giving rise to Ewing's injuries1964 through 1974 and 1971 through 1972loss of consortium damages were not recoverable for injuries that did not result in death; that only since the 1982 amendment to La.Civ.Code art. 2315 have loss of consortium damages been recoverable. The defendants' also argue that the exclusivity provisions of the Louisiana Workers' Compensation Act, La.R.S. 23:1032, extends immunity for loss of consortium damages to claims against executive officers.
A court of appeal reviews de novo a trial court's ruling sustaining a peremptory exception raising the objection of no cause of action because the exception raises a question of law and because the lower court's decision is generally based only on the sufficiency of the petition. City of New Orleans v. Board of Dirs. of La. State Museum, 98-1170 (La.3/2/99); 739 So.2d 748. "The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). The burden of showing that the plaintiff has failed to state a cause of action is on the exceptor. City of New Orleans, 739 So.2d at 748.
For the purposes of determining the issues raised by the exception, the court must presume that the well-pleaded facts in the petition are true. Strasner v. State, 99-1099 (La.App. 1 Cir. 6/23/00); 762 So.2d 1206, writ denied, 00-2195 (La.10/27/00); 772 So.2d 125. No evidence may be introduced to support or controvert *817 the peremptory exception raising the objection of no cause of action. La.Code Civ.P. art. 931. Thus, the court must determine whether plaintiff is legally entitled to the relief sought based on the facts asserted in the petition. Strasner, 762 So.2d 1206.

Louisiana Civil Code Article 2315
The essence of the defendants' argument with respect to La.Civ.Code art. 2315 centers around the fact that the derivative right to recover loss of consortium of a tort victim who had not died from his injuries was not legislatively enacted until 1982, through amendment to La.Civ.Code art. 2315.[1] This new cause of action was deemed to be substantive and, therefore, not retroactive in its nature. Lee v. K-Mart Corp., 483 So.2d 609 (La.App. 1 Cir. 1985), writ denied, 484 So.2d 661 (La. 1986). The defendants assert that Ewing's injuries occurred during the years 1964 through 1974, ten years prior to the amendment to La.Civ.Code art. 2315 allowing recovery for loss of consortium.
In a similar asbestos exposure case where the characteristics of a loss of consortium claim were analyzed, the Louisiana Fourth Circuit Court of Appeal stated that "a cause of action arises when negligent or tortious conduct causes injury." Coates v. Owens-Corning Fiberglas Corp., 444 So.2d 788, 790 (La.App. 4 Cir.1984); see also McDuffie v. ACandS, Inc., 00-2745 (La.App. 4 Cir. 2/14/01); 781 So.2d 623. The defendants' position is that the conduct causing Ewing injury occurred prior to the 1982 amendment to La.Civ. Code art. 2315 allowing recovery for loss of consortium; therefore, because it is to be applied only prospectively, the plaintiffs have no cause of action. In Coates, 444 So.2d at 790, the fourth circuit also stated:
Until an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society, they have suffered no injury. A party's separate cause of action for loss of consortium was thereby deemed to arise as of the time that the injured party begins to suffer the actual loss of consortium.
Thus, the time of the exposure or the onset of the injury causing asbestosis is not the event that determines the applicable law governing the separate loss of consortium claim, as defendants argue. Instead, it is the loss to the spouse or relative of those elements comprising consortium that is the decisive factor. The claim for loss of consortium and the impact of the 1982 amendment to La.Civ. Code art. 2315 should be deciphered independently from the determination of the date on which the cause of action accrued for the injured spouse. Thus, the survivors' loss did not occur until 1996 when Ewing was diagnosed with mesothelioma, well after La.Civ.Code art. 2315 was amended to add a cause of action for loss of consortium.
Defendants assert, however, that the immunity granted to executive officers by the 1976 amendment to La.R.S. 23:1032 *818 forecloses plaintiffs' loss of consortium claim. We agree. Walls v. American Optical Corp., 98-455 (La.9/8/99); 740 So.2d 1262. The supreme court explained the amendment's effect:
Prior to the 1976 amendment to the Louisiana Workers' Compensation Act, La.R.S. 23:1032 provided that workers' compensation benefits were the exclusive remedy of an employee, his personal representatives, dependents or relations, against an employer for injuries arising out of and in the course of his employment. Since the law did not expressly confer immunity from tort suits on any person other than the employer, this Court held in Canter v. Koehring Co., 283 So.2d 716 (La.1973), that an injured worker was allowed to seek recovery in tort from negligent executive officers and their liability insurers. Additionally, if the injured worker died from occupational injuries, his survivors could maintain both a survival action for the decedent's damages as well as a wrongful death action for their own damages against executive officers. However, with Act No. 147, the 1976 legislature amended La.R.S. 23:1032 to extend the employer's tort immunity to persons previously considered third parties under the Act.
Id. at 1265.
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the supreme court stated that the aim of the 1976 amendment to the Act was "to broaden the class of defendants to be granted immunity from suits by injured employees in tort or delict." Id. at 479. As we noted, the date that an injury occurs is determinative of when a possible cause of action accrues. In Walls, the wrongful death cause of action occurred after 1976; therefore, the court concluded that the executive officers were granted immunity. It follows that since plaintiffs' loss of consortium claims arose long after 1976, the year in which La.R.S. 23:1032 was amended, the exclusive provisions of the Workers' Compensation Act grants the defendants immunity from loss of consortium claims. Thus, the plaintiffs do not have a cause of action for loss of consortium against the defendants.
Plaintiffs further assert that Act 989 of 1999, amending and reenacting Article 2315 to exclude future medical monitoring as damages, somehow permits retroactive application of the 1982 amendment to La. Civ.Code art. 2315, allowing recovery for loss of consortium. Essentially, the plaintiffs argue that because the 1999 amendment reenacted La.Civ.Code art. 2315 and because Section 2 of the Act states: "The provisions of this Act are interpretative of Civil Code Article 2315 and are intended to explain its original intent, notwithstanding the contrary interpretation given in Bourgeois v. A.P. Green Indus., Inc., 97-3188 (La.7/8/98); 716 So.2d 355, and all cases consistent therewith[,]" it follows that it is inclusive of the loss of consortium cause of action added in 1982. For the following reasons, we disagree.
In 1998, the Louisiana Supreme Court ruled in Bourgeois v. A.P. Green Industries, Inc., 97-3188 (La.7/8/98); 716 So.2d 355 (Bourgeois I), that asymptomatic plaintiffs who can prove a need for future medical monitoring by meeting seven specific criteria can recover the reasonable cost of that care as damages under La.Civ. Code art. 2315. The following year, the Louisiana Legislature amended Article 2315 to exclude future medical monitoring as damages. The language added by Louisiana Acts 989 of 1999 is as follows:
Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a *819 manifest physical or mental injury or disease.
The language of Section 2 of the Act makes it clear that the legislature intended to give the amendment retroactive effect.[2] There is nothing in the Act itself or its history that indicates that the legislature intended to give the entire Article, including the loss of consortium cause of action added in 1982, retroactive effect.
The plaintiffs' argument at this point turns on what it means to "reenact" an article or statutory provision. BLACK'S LAW DICTIONARY 1444 (4th ed.1968), defines reenact as "To enact again; to revive." As an illustration of its definition, Black's Law Dictionary cites the supreme court case Police Jury of Caddo Parish v. City of Shreveport, 137 La. 1032, 69 So. 828 (1915). Explaining Act 76 of 1884, amending and reenacting sections of Revised Statutes 1211 and 2778, the court stated:
The original sections did not lose their place or identity, and they were not obliterated by the act of the Legislature of 1884. There are no blank spaces in the Revised Statutes of the state where sections 1211 and 2778 once stood. Those sections, as amended, formed parts of the Revised Statutes since the original sections were amended and re-enacted in 1884....
The intention was to keep them in place, as amended; and the intention was not to make vacant places in the Revised Statutes, or to strike out said two sections.
. . . .
... When sections 1211 and 2778 were changed in phraseology and slightly in substance by the addition of cognate matter, they were still 1211 and 2778 of the Revised Statutes, and they continued to perform the former offices of those sections in their allotted relations to all the other sections of the groups of which they are integral parts.
Id. at 830-31.
Thus, when the legislature reenacted La.Civ.Code art. 2315 by Act 989 of 1999, it merely added the amendment language to La.Civ.Code art. 2315 as if it had always been there and did not change the number of the Article. Article 2315 was still in the Civil Code and not intended to be a blank space because of the amendment.
The plaintiff in Naquin v. Titan Indemnity Co., 00-1585 (La.2/21/01); 779 So.2d 704, made an argument analogous to that made here by plaintiffs regarding the effect of reenacting a statute. In contrast to what the plaintiffs in this case seek application of a prior amendment to La. Civ.Code art. 2315 allowing for a loss of consortium cause of actionin Naquin, the plaintiff sought application of a prior amendment to La.R.S. 13:5107(D) declared inapplicable to his situation due to a reenactment of that statute by Act 518 of 1998. The Naquin plaintiff argued that the phrase "to amend and reenact" contained in Act 518 allowed Act 518 to "go back in time and erase the provisions of Act 63 as if they never existed." Id. at 709. The supreme court found the plaintiff's argument without merit and stated: "to `amend and reenact' is standard drafting language where an existing statute is being changed in some way, and, despite plaintiff's assertions, does not in itself carry any special weight. See `Legislative Bill Drafting Forms,' p. XXXVI, preceding LSA-R.S. 1:1." Id. The court went on to find that there was no evidence indicating the legislature intended Act 518 to replace Act 63 *820 as though Act 63 never existed. Likewise, in the present case, there is no evidence that the legislature intended Act 989 to cause a retroactive application of the loss of consortium cause of action to the date of La.Civ.Code art. 2315's inception.

IV.

CONCLUSION
The judgment of the trial court granting the defendants-appellees' peremptory exception of no cause of action is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
NOTES
[1] As amended in 1982, La.Civ.Code art. 2315 provides as follows:

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
Article 2315 was again amended in 1999 to add language detailing certain items which are not recoverable as damages. The 1999 amendments were specifically declared to apply to all "claims existing or actions ... filed on its effective date," July 9, 1999.
[2] Section 3 of the Act makes it clear that the legislature intended the amendment to apply prospectively also.